**PEAK, Superintendent of Asylum and Jail, v. CALHOUN.**

**No. 5948.**

Court of Appeals of the District of Columbia.
Argued Oct. 2, 1933.
Decided March 5, 1934.

William W. Bride, Corp. Counsel, and T. G. Walsh, Asst. Corp. Counsel, both of Washington, D. C., for appellant.

Russell Morris, of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, HITZ, and GRONER, Associate Justices.

MARTIN, Chief Justice.

Appeal from an order dismissing a prisoner from custody in a habeas corpus proceeding.

It appears that on January 27, 1919, the appellee, Leon Calhoun, as defendant in a bastardy. case, was found guilty by the juvenile court of the District of Columbia of being the father of an illegitimate female child, and was sentenced to pay $2 per week for the support of the child until she reached the age of 14 years, and to enter into bond without surety conditioned for the payment of such sums accordingly.

It is provided by section 285, T. 18, Code of the District of Columbia (37 Stat. 135, § 5), that the defendant in such case, if he be adjudged to be father of the child, shall thereupon enter into bond, with or without surety, in the discretion of the court, conditioned for the payment of the sums adjudged, in such installments and in such manner as the court shall direct, and in case of his failure to enter into such bond the court shall commit him to the Washington Asylum and Jail, there to remain until he shall give such bond or pay the total amount of the sums adjudged.

It appears that Calhoun failed to enter into bond as required by the court and thereby became liable to be committed to jail until he gave the bond, but the court suspended such commitment on condition that he pay the installments of money required of him as the same became due.

Calhoun thereafter paid the sums so adjudged against him, until he had paid more than the sum of $1,000, but at times, however, he fell behind with the payments, and was in arrears in the sum of $241 when the illegitimate child reached the age of 14 years.

On February 20, 1933, when the child was more than 14 years of age, and Calhoun was in arrears as aforesaid, the juvenile court ordered him to furnish a bond of $1,000, with surety, conditioned for the payment of such arrears. Calhoun failed to enter into such a bond with surety, and in default thereof was committed to the Washington Asylum and Jail for six months, unless before that time he should give such bond and be discharged according to law.

It may be noted again that the bond required of Calhoun in 1919 as part of the original judgment of the court was to be "without surety," whereas the bond required by the order of 1933 for the payment of the arrears was to be "with surety." On April 5, 1933, while Calhoun was in the custody of the Washington Asylum and Jail under the foregoing commitment, he filed a petition for a writ of habeas corpus in the Supreme Court of the District of Columbia, claiming, among other things, that his detention was illegal upon the ground that the juvenile court had lost jurisdiction of the case when the child reached the age of 14 years, and that the court was then without power to make the order for a bond with surety, or to issue the writ of commitment. The superintendent of the Washington Asylum and Jail filed an answer to the petition relying solely upon the commitment issued by the juvenile court. The case was heard by the Supreme Court of the District of Columbia and an order was entered sustaining the petition, and releasing Calhoun from the custody of the superintendent, whereupon the present appeal was taken.

We agree with the decision of the lower court. The juvenile court is a court of limited jurisdiction, and its powers are strictly prescribed by statute. Moreover, a proceeding in bastardy is of quasi criminal character, and the statutes controlling it should not be enlarged by construction.

It is provided by the statute as aforesaid that in case of the failure of the accused to enter into the bond required by the court,

the court shall commit him to the Washington Asylum and Jail, there to remain until he shall give such bond, or pay the total amount of the sum adjudged against him. This is the only provision in the act authorizing the imprisonment of the accused by the juvenile court after judgment. The act does not authorize the court to commit the accused solely because of his failure to pay the sums adjudged against him. In this instance, moreover, the accused was not committed because of his failure to give bond without surety as required by the order which was entered by the court at the time when the case was heard and decided. But after the child had passed the age of 14 years, and at a time more than 14 years subsequent to the entry of the court's original order, the court passed the second order requiring the accused to give a bond with surety for the payment of the arrearage. It was because of the failure of the accused to comply with this order that he was committed to his present imprisonment.

We are of the opinion that the juvenile court had fully exercised its jurisdiction in the case by its first order, and that the second order, under the circumstances, was ultra vires and void. It amounted in effect to a requirement for a bond with surety for the payment of a past indebtedness, and the incarceration of the accused for failure to comply with such order amounted to imprisonment for debt. We therefore affirm the order of the lower court.