## SEARS, ROEBUCK & CO. v. GEORGE.

### No. 7822.

United States Court of Appeals for the District of Columbia.

Argued Nov. 7, 1941.

Decided Dec. 1, 1941.

Mr. Selig C. Brez, of Washington, D. C., with whom Messrs. Leon Tobriner and Walter N. Tobriner, both of Washington, D. C., appeared on the brief, for appellant.

Mr. Thomas C. Bradley, of Washington, D. C., for appellee.

Before GRONER, Chief Justice, and MILLER and VINSON, Associate Justices.

PER CURIAM.

This is a personal injury suit which resulted in a $5,000 verdict and judgment in favor of plaintiff (appellee). The argument on the appeal is that the evidence fails to show negligence on the part of appellant, but shows contributory negligence as a matter of law on the part of appellee. We are of opinion neither point is well taken.

Appellee accompanied her sister, who had gone to appellant's store to purchase a gas stove, and at the time of injury was walking along one of the store corridors toward the exit, talking to her sister. As the two women reached a part of the corridor opposite an open door, an iron truck five feet long and a few inches high was pushed into the corridor by one of appellant's employees and collided with appellee. She was cut on the inside of her left ankle, and fell over the truck, sustaining serious injuries. The corridor which was eight feet wide, was well lighted, and the place of the accident was about on a line with the door entrance and some five feet into the corridor. Appellee testified that as she was walking down the hall, the truck, coming through the door, struck her and knocked her down; that she had not seen the truck until she felt the blow; and that she had not heard any noise or warning of any kind. Appellee's sister corroborated this testimony in all respects, and the character of the injury indicates that the truck ran into appellee rather than that appellee ran into the truck. The operator testified that he was pushing the truck from the side room into the hall, when he saw the women approaching four or five feet away and attempted to warn them, but did not have time to pull back the truck and avoid the collision. The hallway was in constant use by customers of the store, but there were no signs warning of danger. However, there was a positive duty on the part of appellant to exercise reasonable care in the use of the truck so as not to injure customers lawfully using the hallway. Consequently, the evidence was sufficient to justify a finding that appellant's negligence caused the injury. Likewise, contributory negligence does not appear

as a matter of law. It was a question for the jury whether Mrs. George was keeping a proper look-out. There was no sign warning her of danger, and the truck was close to the floor and projected in her path rather suddenly. The refusal to direct a verdict for the defendant was, therefore, correct. Schwartzman v. Lloyd, 65 App.D.C. 216, 82 F.2d 822.

Affirmed.