**LIPPMAN et al. v. WILLIAMS.**

**No. 8754.**

United States Court of Appeals
District of Columbia.

Argued Dec. 6, 1944.

Decided Jan. 22, 1945.

Mr. William R. Lichtenberg, of Washington, D. C., with whom Mr. Samuel Barker, of Washington, D. C., was on the brief, for appellants.

Mr. Cornelius H. Doherty, of Washington, D. C., for appellee.

Before GRONER, Chief Justice, and EDGERTON and ARNOLD, Associate Justices.

PER CURIAM.

Mrs. Mary Lippman, one of appellants, went into appellee's millinery store in the City of Washington to purchase a hat. The store is ten feet wide and the wall space on each side is covered by cabinets, the upper parts of which are used for the display of hats, and the lower for the storage of other hats in large drawers. The evidence fails to disclose the size of the cabinets, but from the photographs which appear in the record, we are reasonably safe in saying that they are about eight feet wide and about one and a half feet deep, and each apparently consists, in addition to the show space above, of two drawers in each of two sections. Each drawer, when opened, extends out into the floor space approximately a foot and a half. Between the cabinets is an open space with a wall mirror called a "vanity", and a chair in front of it. Obviously, this is to furnish the customer an opportunity while seated to observe the general effect. Appellant testified that when she came into the store she seated herself in front of one of the "vanities" and asked to see a hat in the window, which was promptly shown her, and that she remained seated for half an hour while making up her mind whether to buy or not to buy. The sales clerk insists that she was shown and tried on seven or eight hats, all of which were taken from the bottom drawer of the cabinet nearest where appellant was seated, and to her right, the drawers being opened for that purpose and remaining open until the hats were returned. But be that as it may the undisputed evidence is that appellant, having decided to postpone the purchase of any hat

got up from the chair and walked into and fell over the opened drawer causing the injury for which she and her husband, the other appellant, brought this suit. Defendant properly pleaded plaintiff's contributory negligence.

The case was submitted to a jury on the Judge's charge and certain written instructions as to which no objection was made. The jury returned a verdict for the defendant. The appeal here is based alone on the rejection by the court of three instructions requested by appellants.

■■■ The first of these would have told the jury that appellant, when she arose from the chair to leave the store, was under no obligation "to look at her feet to ascertain whether or not an obstruction was there." The instruction does not state the law correctly and was properly refused. The duty of exercising reasonable care in the case of a shopkeeper and his customer is reciprocal. As to the former, the duty is to exercise ordinary care to maintain the premises in reasonably safe condition for customers having occasion to use them,[1] and, correspondingly, the customer in the use of the premises owes the duty of exercising ordinary care for his own safety.[2] In the instant case the drawer itself was an ordinary and usual part of the store equipment. When opened it stood about a foot and a half or more above the floor. The store was well lighted, there was ample space between the drawer and the opposite cabinet for one to pass, and a glance ahead by one leaving or entering the store would have disclosed the open drawer. Appellant had visited the store on prior occasions. To one sitting, as appellant was before she arose to leave, the drawer was within vision without looking up or down, for its top was at most an inch or two below the level of the chair seat. The instruction, if given, would consequently not have been responsive to the facts of the case and was correctly refused.[3]

■■ The second instruction asked for would have told the jury that appellant "had a right to rely upon the aisle or passageway being free from obstruction and safe for pedestrians lawfully there." Assuming for the purposes of this case that the open wall-drawer was an obstruction in the "aisle or passageway," which does not necessarily follow, the instruction contained only a partial statement of the rule, in that it ignored the duty of appellant to exercise ordinary care for her own protection. Appellee was under no legal duty to prevent a careless person from injuring himself.

■ The last instruction, which it is claimed was improperly refused, but to which refusal no objection was made, was fully covered by other instructions given at appellants' request. One of these told the jury that appellant was an invitee and as such had a right to be upon the premises; another that while in the store the owner owed her the duty, not only to exercise ordinary care to make it safe, but to abstain from any act which would make it dangerous. This was a correct statement of the law and embodied essentially all that was contained in or covered by the rejected instruction.[4]

■ The general charge of the court may not have been most happily phrased, but since it was not objected to, we need not consider it.[5]

Affirmed.

[1] Hecht Co. v. Harrison, 78 U.S.App.D. C. 93, 137 F.2d 687; Hellyer v. Sears, Roebuck & Co., 62 App.D.C. 318, 67 F.2d 584; Dickey v. Hochschild, Kohn & Co., 157 Md. 448, 146 A. 282.

[2] Sears, Roebuck & Co. v. George, 75 U. S.App.D.C. 73, 125 F.2d 739; De Honey v. Harding, 8 Cir., 300 F. 696, 699.

[3] Moses & Sons v. Lockwood, 54 App.D. C. 115, 117, 295 F. 936, 33 A.L.R. 1467; Sweeney v. Erving, 228 U.S. 233, 242, 33 S.Ct. 416, 57 L.Ed. 815, Ann.Cas.1914D, 905.

[4] Thomas v. United States, 74 App.D.C. 167, 172, 121 F.2d 905.

[5] Federal Rules of Civil Procedure, Rule 51, 28 U.S.C.A. following section 723.