## MURPHY v. DISTRICT OF COLUMBIA.

### No. 1143.

Municipal Court of Appeals for the District of Columbia.

Argued Dec. 3, 1951.

Decided Jan. 11, 1952.

Russell Morris, Washington, D. C., for appellant.

Edward A. Beard, James T. Brennan, Asst. Corp. Counsel, Washington, D. C., with whom Vernon E. West, Corp. Counsel, and Chester H. Gray, Principal Asst. Corp. Counsel, Washington, D. C., were on the brief, for appellee.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

CAYTON, Chief Judge.

Sitting without a jury the Juvenile Court found appellant to be the father of a child born out of wedlock to a married woman and entered an order requiring him to support the child.

Appellant questions the constitutionality of the Act under which he was charged. Public Law 917, Chapter 1225, 81st Congress, 2d Session, approved January 11, 1951, 64 Stat. 1240. He points out that the child was born prior to the passage of the Act, when married women admittedly had no right to lodge a complaint of this kind in Juvenile Court. He argues that the Act has been invoked retroactively. Very recently we had occasion to discuss this same question at some length. Peters v. District of Columbia, D.C.Mun.App., 84 A.

2d 115. There we ruled that the statute was not retroactive merely because the prosecution drew upon the antecedent facts of the conception and birth of the child; that the object of the statute was not to punish the father but to provide support for the child; and that the obligation to support is a continuing one. We concluded that a prospective statute was being enforced prospectively. We apply the same rulings here.

■ Appellant also challenges the constitutionality of the Act on the ground that it is unreasonable, that it tends to promote perjury and encourage immorality among married women, and to destroy the sanctity of the home, and on other similar grounds of public policy. We by no means agree that such will be the results of the new statute. Even if we did, we would not invade the legislative field but would think it our duty to leave such matters to Congress.

■ Next we are asked to rule that it was error to allow the complaining witness to testify that she had no sexual relations with her husband during the period of conception. The position of appellant is stated in several different ways. All of them we have answered in the Peters case, supra, where we held that a married woman should not be barred from giving testimony of this nature.

■ Finally appellant says that the evidence was insufficient to support the judgment below. His statement is not supported by argument or citation. Again we turn to the Peters case for the applicable law. There we said that among the ways in which the Government could overcome the presumption of legitimacy was by proof that the husband was "entirely absent" or "absent during the period of conception." Such proof was brought before the court in this case. The complainant swore that she lived separate and apart from her husband since 1941, had not lived with him nor had sexual relations with him since 1941, and that between November 21, 1948 and January 2, 1949 (the period of possible conception) "he was, to the best of her information and belief, in a mental institution at a place outside the District of Columbia." She also swore that during that period she had intercourse with the defendant and with no other man. Defendant took the stand and admitted having had sexual relations with the complainant during the period of conception but denied paternity. There was other testimony, some of it corroborating the complainant and some casting doubt on her testimony. Viewed as a whole, the evidence was more than sufficient to justify a finding that the defendant was the father of the child.

Affirmed.