## BRAGG v. DISTRICT OF COLUMBIA.
### No. 1325.

Municipal Court of Appeals for the
District of Columbia.

Argued July 13, 1953.

Decided Aug. 6, 1953.

Robert C. Chalfonte, Washington, D. C.,. for appellant.

C. Belden White, II, Assistant Corporation Counsel, Washington, D. C., with whom Vernon E. West, Corporation Counsel, and Chester H. Gray, Principal Assistant Corporation Counsel, Washington,. D. C., were on the brief, for appellee.

Before CAYTON, Chief Judge, and: HOOD and QUINN, Associate Judges.

QUINN, Associate Judge.

The Juvenile Court, sitting without a jury, found appellant to be the father of complainant's illegitimate child. Judgment

was entered requiring him to contribute to the child's support. This appeal followed.

Several errors are assigned. The first contention is that the Government failed to prove two material allegations of the information: namely, that the child was a male and that its name was Robert Noel Bragg. It is admitted by the corporation counsel that these allegations were not proven, but he argues that proof of the child's name and sex were immaterial. With this we agree. The pertinent part of the information is as follows: "that she is the mother of the hereinafter mentioned child; that Dairl Bragg is the father of a male child, Robert Noel Bragg, born out of wedlock on the 6th day of July, 1952, at Louisville, Ky., to Lee Adele Fair, an unmarried woman at the time said child was conceived, to-wit, on or about the 29th day of September, 1951 * * *."

■■ While it is true that the burden was on the Government to prove all the material allegations in the information, we cannot discern any materiality in the child's sex or in the name given to it by its mother. Appellant's responsibility would not depend on whether the child be male or female. Similarly, the name given to the child is of no importance, provided it is shown that appellant was the father of the child. Although a proceeding to provide for the support of an illegitimate child is regarded in this jurisdiction as quasi-criminal in nature,[1] it does not follow that failure of proof of these immaterial allegations requires a reversal, especially when these points were not raised at trial.

■ The second error assigned is the claim that the child's birth was not proven beyond a reasonable doubt. The only evidence adduced at trial as to the child's birth was the mother's testimony that the child was born on July 6, 1952, at Louisville, Kentucky. Appellant argues that this uncorroborated testimony was insufficient proof of the birth and that a birth certificate at least should have been introduced

to support the mother's statement. This proceeding was brought under Public Law 917, ch. 1225, 81st Cong., 2d Sess., approved January 11, 1951, 64 Stat. 1240.[2] There is no requirement in the Act that there be any corroboration of the mother's testimony in order to establish a finding of paternity. Here the testimony of the mother as to the birth was uncontradicted and unimpeached, and there is no indication in the statement of proceedings and evidence that appellant's counsel objected to this quantum of proof at any time during the trial. It is well settled that where no such requirement is laid down by the governing statute the defendant may be found to be the father on the uncorroborated testimony of the mother, where such testimony is credible, sufficiently clear, and convincing.[3]

■■ It is next contended that the court erred in refusing to grant a motion of acquittal at the conclusion of all the testimony. In effect, appellant argues that the trial court's verdict was against the weight of the evidence. He says that not only does the evidence fail to support the court's finding but that the complaining witness was totally impeached. We think it only necessary to state that complainant testified that she had sexual relations with appellant several times during the critical period; that she had relations with no one else during this time; that appellant admitted in his testimony having had intercourse with the complainant on almost every occasion that he saw her over a period of several months; and that he admitted seeing her during the critical period (although he denied any sexual relations during this period). Further, appellant himself was directly impeached by documentary evidence on cross-examination. As we have often said, it is not our function to reweigh the evidence or to test the credibility of witnesses.

■ The last assignment of error questions the sufficiency of the docket entry under date of November 25, 1952, which

---

1. Peak v. Calhoun, 63 App.D.C. 113, 69 F. 2d 989; Fuller v. United States, D.C. Mun.App., 65 A.2d 589.

2. This law does not appear in Supplement I of the 1951 edition of the D.C.Code.

3. 7 Am.Jur., Bastards, § 124; 10 C.J.S., Bastards, § 94; 1 A.L.R. 636.

is as follows: "Pts. and atty for deft. pres. Deft. adjudged G." Appellant maintains that this entry is meaningless, and therefore there is nothing in the record to show that appellant has been found to be the father of complainant's child. We feel that the meaning of this entry is quite apparent on its face, and that there can be no question but that the court found appellant to be the father of the child. In addition, appellant's counsel admitted on oral argument that he clearly understood what the entry meant. But as a proceeding brought under this statute is not one criminal in nature, and as there is no authority in the statute itself for finding a defendant "guilty,"[4] we think it would be better practice for the trial court to adopt a form of finding or verdict adjudging the defendant to be the father or not the father of the child in question, rather than as guilty or not guilty.

Affirmed.