**Grant LEE, Appellant,**

**v.**

**DISTRICT OF COLUMBIA, Appellee.**
**No. 1695.**

Municipal Court of Appeals for the
District of Columbia.

Submitted Sept. 27, 1955.

Decided Nov. 4, 1955.

Nathaniel L. Adams, Washington, D. C.,
for appellant.

Vernon E. West, Corp. Counsel, Chester
H. Gray, Principal Asst. Corp. Counsel, and
Milton D. Korman, Hubert B. Pair, Jr., and
Richard W. Barton, Asst. Corp. Counsel,
for appellee.

Before CAYTON, Chief Judge, and
HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

This appeal is from a judgment of the
Juvenile Court determining appellant to be
the father of an illegitimate child and or-
dering him to make weekly payments for
support of the child.

One claim of error relates to the refusal
of the trial court to receive in evidence
a certified copy of the child's certificate of
birth, which stated that the name of the
father was "unknown." Our law requires
that a physician attending the birth of a
child shall execute and file a report thereof
on a form furnished by the Health Depart-
ment. With respect to information required
by the form and not based on the physi-
cian's personal observation, he is required to
state the name of the informant and the re-
lationship of the informant to the child.[1]

---

1. Code 1951, § 6–301.

■ In this case the attending physician reported the name of the father as unknown and reported that the mother was his informant. The trial court ruled that the certificate was admissible to establish the facts of birth and date of birth, but "was not admissible to show paternity." Of course the certificate was not competent to prove paternity because it did not even purport to do so, but it did indicate that the mother had informed the physician that the name of the father was unknown. At trial the mother testified that appellant was the father and that no one else could have been the father. If she had previously stated that the father was unknown, appellant was entitled to have the jury consider this in judging her credibility. When one is charged with being the father of an illegitimate child, determination of the truth of the charge is usually dependent to a great degree on the credibility afforded the testimony of the mother and the alleged father. Evidence directly bearing upon the credibility of either ought not to be excluded.

■ We do not mean to say that the mother is bound by a previous inconsistent statement even though given to a physician legally required to make an official report. She may explain why she made the previous statement, and whether her explanation is satisfactory is a question for the trier of the facts.[2] It may even be in this case that the physician in reporting the name of the father as unknown meant only that it was unknown to him and not that the mother said it was unknown to her.[3] The subject was open to exploration and explanation, but it was error to deprive appellant of any benefit he might derive from this apparently inconsistent statement of his accuser.

The foregoing requires the ordering of a new trial, but we consider two other claims of error which may arise again.

■ During cross-examination of the mother she was asked if she had filed her complaint at the insistence of the Department of Public Welfare. Objection to the question was sustained. In Ford v. District of Columbia, D.C.Mun.App., 96 A.2d 277, we ruled that such a question was proper.

■ Appellant also claims it was error to permit the mother to testify that he had promised he would contribute one-half toward the child's support. Appellant says this was an offer of compromise and inadmissible under our ruling in Harrison v. District of Columbia, D.C.Mun.App., 95 A. 2d 332. That case was quite different from the one here. There the alleged father made no offer to support the child. He denied paternity but offered a sum of money to settle the claim against him. We ruled there was a true offer of compromise and as such it was inadmissible. Here, according to the mother, there was no offer to settle; there was simply a promise to help support a child whose paternity, she testified, appellant never denied. This evidence was clearly admissible.

Reversed with instructions to grant a new trial.

2. Harrison v. District of Columbia, D.C. Mun.App., 95 A.2d 332; Arais v. Kalensnikoff, 10 Cal.2d 428, 74 P.2d 1043, 115 A.L.R. 163; Lawhead v. State, 99 Okl. 197, 226 P. 376.

3. When the newborn child is illegitimate it is not necessary for the physician to indicate on his report "any fact or facts whereby the identity of the father or of the mother or of the child born will be disclosed." Code 1951, § 6–301.