Ronald D. HASSLER, Appellant,

v.

DISTRICT OF COLUMBIA, Appellee.

No. 1787.

Municipal Court of Appeals for the
District of Columbia.

Argued April 23, 1956.

Decided May 24, 1956.

Carl L. Shipley, Washington, D. C., for appellant.

Hubert B. Pair, Asst. Corp. Counsel, with whom Vernon E. West, Corp. Counsel, Chester H. Gray, Principal Asst. Corp. Counsel, and Milton D. Korman, Asst. Corp. Counsel, were on the brief, for appellee.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

ROVER, Chief Judge.

Hassler was charged in the Juvenile Court with being the father of a child born out of wedlock; the complainant was the mother of the child, who had been married but divorced.

After trial by a jury he was found to be the child's father and, in accordance with the applicable statute, Code, § 11–958, a judgment was entered ordering him to pay for the support of the child as well as a medical bill incident to its birth. The defendant appeals from this judgment.

Counsel for defendant assigns a number of errors; his first complaint is that the trial court erred in denying his motion to exclude the public and the press from the trial proceedings.

Title 11–957 of our Code applies to this situation; the court *may* sua sponte exclude the general public, it *must* do so "at the request of either party."[1] It would, therefore, follow that if either the Corporation Counsel or the attorney for the defendant seasonably moves for such exclusion, the court has no discretion save to grant the request; but we hold that the demand must be made at the appropriate time; many important rights of both the government and the defendant may be waived by not insisting on them in due time; here the District had concluded its case, defense counsel had made a number of motions, had made his opening statement to the jury and had called two witnesses to testify before he moved "that any newspaper people be excluded from the courtroom, together with any witnesses or other parties."

We rule that this request came too late; we feel that the orderly administration of justice requires that the pattern of

[1] Distinguish this section from Title 11–915, as amended, regarding proceedings against minors giving the court discretion to " * * * admit such other persons as he deems to have a legitimate interest in the case or the work of the court."

a case in this connection be fixed at the outset of the trial; such required procedure fully protects the rights of the defendant and it appears to us that it is only fair to the trial judge to know at the beginning of the trial the manner in which the proceedings are to be conducted.

■ Defendant also complains that the court erroneously denied his motion to exhibit the child to the jury to show lack of resemblance to him. The law in this District on this point is well settled.[2] The child was only three and one-half months of age at the time of the trial and no proffer was made laying a foundation of striking or peculiar non-resemblance to the appellant and we rule that the court properly denied the motion on the authority of the cases cited.

■ Defendant complains that the court erroneously denied certain instructions to the jury submitted by him. It is settled law that it is not error to refuse requested instructions, even though they may be correct statements of the law, if the subject matter has been properly covered by the court's charge.[3] We have carefully studied the charge given by the court and are of the opinion that it was fair, adequate and properly stated the law of this jurisdiction applicable to bastardy proceedings.[4]

Defendant avers that the most prejudicial error committed by the trial court is impossible to reproduce here without a tape recording; he infers that the trial judge by word, gesture and inflection of voice, conveyed to the jury an attitude of hostility against the defendant; he states that throughout the trial defendant was confronted with the judge and prosecutor both acting as advocates for the government; that the court's instructions to the jury were read in a manner highly prejudicial to the defendant; that those parts of the instructions helpful to the defendant were read in a rapid monotone, while those that might hurt him were carefully articulated and emphasized.

■ The rule in this connection is set out in two cases in the United States Court of Appeals.[5] In the Billeci case the Court, while holding that a trial judge "* * * may not coerce, or attempt to coerce, a jury by gesture any more than it may do so by words; that it may not translate by intonation a properly worded charge into an improperly understood one * * *" then stated "* * * that an appellate court cannot act upon representations made to it in briefs and upon argument; that if the trial judge conducts himself erroneously to the detriment of the defendants *it is incumbent upon counsel to record such action at the time.* * * * In such a situation it is as much his duty to make that record as it is his duty to record his objections to the charge, as the Rules require, before the jury leaves the room." (Emphasis supplied.) The record is entirely silent insofar as any protest by counsel for the defendant is concerned; we surely have no right to assume that the court acted unfairly or improperly.

In another assignment defendant claims it was error to deny his motion for judgment of acquittal. At the trial defendant raised numerous grounds in support of this motion and all of these are urged again for our consideration here. In the first instance, he contends that the prosecutrix was a married woman and as such she was incompetent to testify so as to bastardize a child born to her in wedlock.

2. Thomas v. United States, 74 App.D.C. 167, 121 F.2d 905; Fillipone v. United States, 55 App.D.C. 126, 2 F.2d 928; Harrison v. District of Columbia, D.C. Mun.App., 95 A.2d 332.

3. Lippman v. Williams, 79 U.S.App.D.C. 334, 147 F.2d 150; Thomas v. United States, supra; Lewis v. Shiffers, D.C.

Mun.App., 67 A.2d 269; Evans v. Capital Transit Co., D.C.Mun.App., 39 A.2d 869.

4. Peters v. District of Columbia, D.C. Mun.App., 84 A.2d 115.

5. Billeci v. United States, 87 U.S.App.D.C. 274, 184 F.2d 394, 401, 24 A.L.R.2d 881; Vinci v. United States, 81 U.S.App.D.C. 386, 159 F.2d 777.

The information alleged that complainant was "unmarried" and at the trial she testified that she had been divorced from her husband and that she was unmarried during the critical period in question. Defendant challenges the validity of her divorce although at the same time he denies that the Juvenile Court has jurisdiction to pass upon that issue. We do not reach the question suggested by this latter contention for, even if it be assumed that complainant was married during the period when conception was possible, she nevertheless would have been able to maintain this action for support of her child.

Our Code, § 11–953, permits a married woman who has mothered a child out of wedlock and who was not living with nor cohabiting with her husband during the period of time in which the child could have been conceived to maintain an action for his support against the putative father. In construing this statute, this court has twice held [6] that while the presumption of legitimacy arises in such cases, it may be overcome by a sufficient showing that the husband was either "entirely absent" or "absent during the period of conception."[7] In both cases we ruled that the wife was competent to testify to the non-access of her husband during the critical period. Complainant here testified that she had been separated from her husband since October 1952 and that she had not seen him since that time until sometime after the birth of her child. On cross-examination she testified that the defendant was the only person with whom she had engaged in sexual relations since her separation from her husband. Under the circumstances proof that the complainant's divorce was invalid and that she was legally married at the time of conception would have done no more than create a variance between the trial proof and the allegation in the information; and, since defendant introduced no evidence which would justify even that conclusion, we must rule that his motion was properly denied on the grounds assigned.

As additional error in the denial of his motion defendant claims that the District failed to make out a prima facie case, there being "no evidence of a birth certificate, no evidence the child was born alive, no evidence the child was alive at the time of trial, no evidence to indicate the child was not adopted at the time of trial," and "no medical evidence as to the time of conception" or "period of gestation." In Bragg v. District of Columbia, D.C.Mun.App., 98 A.2d 784, we held that testimony by the prosecutrix as to the birth of the child, although uncorroborated, was sufficient to establish the fact of its birth. We expressly ruled that evidence of the birth certificate was unnecessary. Whether the child was born alive or was stillborn, whether it was alive at the time of the trial or adopted, are generally considered matters of defense or in abatement of the action, not matters of proof for the government,[8] and as a general rule where the statute provides for payment of " * * * prenatal medical care and costs of the mother's confinement and expenses of childbirth * * *," such as ours,[9] it is usually held that death of the child or proof that it was stillborn does not abate the action since the defendant is not thereby relieved of his responsibility for such expenses.

In answer to defendant's contention that there was no medical testimony as to the time of conception or period of gestation, this court has also held in another bastardy case, Monday v. United

---

6. Murphy v. District of Columbia, D.C. Mun.App., 85 A.2d 805; Peters v. District of Columbia, supra.

7. In the Peters case [84 A.2d 120] we also ruled it may be overcome by proof that the husband was impotent or only present under such circumstances as accord clear

proof that there was no sexual intercourse.

8. See, 10 C.J.S., Bastards § 47, p. 150; 7 Am.Jur., Bastards § 100, p. 691, and cases cited; Note, 7 A.L.R.2d 1397 and cases cited.

9. Code, § 11–958(a).

States, D.C.Mun.App., 76 A.2d 68, that the complainant's testimony as to when she was pregnant is competent in itself to establish the time of conception since she is simply reporting an actuality in view of the date of the child's birth. Medical testimony as to such facts is unnecessary and failure of the District to offer such testimony in the present case cannot be heard as grounds for a judgment of acquittal.

▆▆▆ Defendant attempts to draw further support for his contention that the denial of his motion was error from the fact that complainant testified that she listed her divorced husband as the father of the child in the birth certificate and wore his wedding ring during her pregnancy. Her explanation at the trial was that she wished to conceal the illegitimacy of her baby. Defendant claims her actions were sufficient to raise a reasonable doubt as to the defendant's paternity as a matter of law. The rule in this jurisdiction is that while the defendant is entitled to have the jury consider her actions in judging her credibility, the mother is not bound by her previous inconsistent statement on the birth certificate and she is free to explain why she made the statement.[10] Whether her explanation is satisfactory is a question for the jury and this court cannot say that its decision is wrong.[11] We feel the same rules must apply to the complainant's wearing her husband's wedding ring during her pregnancy.

▆▆▆ In a final series of contentions defendant complains that it was error for the trial court at the outset of the trial to take judicial notice of the fact that a full-time child born November 24, 1955, must

have been conceived between January 27 and March 10, 1955. He claims it was a matter of medical opinion of which judicial notice could not be taken. While this court has held that a court may take judicial notice of the fact that the normal period of gestation is *about* 280 days or nine calendar months,[12] we doubt that the court should have fixed the exact limits within which conception must have occurred. Although courts recognize that the period of human gestation is subject to variation, no case has been found where it has been attempted to fix them with such certainty, at least in the absence of medical testimony.[13] But, we fail to see how defendant was prejudiced. By narrowing to precise limits the period in which the child must have been conceived, the jury was precluded from finding conception at a time beyond those limits, a fact they would have been free to find but for the court's statement. In any event defendant failed to protest the statement and allowed the trial to proceed to the examination of the complainant without objection. By so doing he lost his right to be heard on the issue.[14]

▆▆▆ In two similar contentions defendant contends that it was error for the court to refuse to take judicial notice of the fact that it was highly probable that conception occurred on February 17, 1955, and equally improbable that it could occur within ten days from the commencement of complainant's menstrual period. As we have just said, while courts acknowledge that the normal period of human gestation is 280 days, they are also aware that variations are possible, if not in fact more probable.[15] In the absence of medical testimony therefore, it was not error for the court to re-

---

10. Lee v. District of Columbia, D.C.Mun. App., 117 A.2d 922; Harrison v. District of Columbia, supra.

11. Adams v. District of Columbia, D.C. Mun.App., 109 A.2d 140; Morgan v. District of Columbia, D.C.Mun.App., 104 A. 2d 604; Harrison v. District of Columbia, supra.

12. Monday v. United States, supra; Fuller v. United States, D.C.Mun.App., 65 A.2d 589.

13. Silke v. Silke, 325 Mass. 487, 91 N.E.2d 200; In re Niles' Will, Sur., 99 N.Y.S.2d 238.

14. Donovan v. Brown, 75 U.S.App.D.C. 93, 124 F.2d 295; ABCD Corp. v. Henry, D.C.Mun.App., 109 A.2d 133.

15. See interesting discussion of this subject matter in Commonwealth v. Watts, 179 Pa.Super. 398, 116 A.2d 844.

fuse to honor defendant's request that February 17, 1955, be judicially noticed as the most probable date of conception.

Nor, for similar reasons, was it error to deny his request that judicial notice be taken of the high improbability of conception within ten days of complainant's menstrual period. As was said in Harris v. State, 28 Ala.App. 23; 177 So. 311, 312, in answer to a like request, "Many volumes have been written by scientists discussing this miracle of nature, and some of them do advance the theory of a period during which conception is less likely, but there is nowhere such common knowledge as would warrant this court in knowing there was, or is, such a period." Where, as here, the evidence discloses that during the period of possible conception, the woman had intercourse with only one man and one of these occasions was almost exactly nine months from the date of her baby it excluded the idea of paternity by another than the man with whom she had such intercourse or that conception at such time is improbable.

Finally, defendant contends it was error for the trial judge to refuse to permit a dentist to testify to the very fact of which the court refused to take judicial notice, namely, that conception within ten days of menstruation was highly improbable. The rule that the qualifications of a witness to express an opinion on a particular subject is for the trial judge in his discretion to determine is well settled,[16] and, while we are aware that a physician is not necessarily incompetent to testify as an expert merely because he is not a specialist in the particular field of which he speaks,[17] we cannot say it was an abuse of discretion in this case for the trial judge to refuse to allow a dentist to testify as to matters of gynecology.

We have studied the record in connection with other errors assigned and find no error.

Affirmed.

16. Sher v. De Haven, 91 U.S.App.D.C. 257, 199 F.2d.777, 36 A.L.R.2d 937, certiorari denied, 345 U.S. 936, 73 S.Ct. 797, 97 L. Ed. 1363; Pollard v. Hawfield, 83 U.S. App.D.C. 374, 170 F.2d 170, certiorari denied, 336 U.S. 909, 69 S.Ct. 514, 93 L.Ed. 1073, rehearing denied, 336 U.S. 929, 69 S.Ct. 654, 93 L.Ed. 1089; Davis v. District of Columbia, D.C.Mun.App., 59 A.2d 208.

17. Sher v. De Haven, supra.