**Harold Angelo PERRY, Sr., Appellant,**

v.

**DISTRICT OF COLUMBIA, Appellee.**

**No. 3610.**

District of Columbia Court of Appeals.

Argued Feb. 1, 1965.

Decided July 21, 1965.

Milton Conn, Washington, D. C., for appellant.

David P. Sutton, Asst. Corp. Counsel, with whom Chester H. Gray, Corp. Counsel, Milton D. Korman, Principal Asst. Corp. Counsel, and Hubert B. Pair, Asst. Corp. Counsel, were on the brief, for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

HOOD, Chief Judge:

On November 9, 1961, there was filed in the Juvenile Court a verified complaint charging appellant with being the father of an illegitimate child born on July 26, 1960. On the basis of the complaint an information was filed against appellant, and after trial on July 13, 1964, he was found to be the father of the child.

Pointing out the long delay in the proceedings, appellant says he was denied his constitutional right to a speedy trial, or, in the alternative, he says the proceedings were not prosecuted with reasonable diligence. Although paternity proceedings in

this jurisdiction have been characterized as quasi-criminal in nature,[1] we have ruled that the object of the proceeding is not to punish, but is to provide support for the child;[2] that in the trial of such cases the standards applicable to a civil trial usually apply;[3] and because such a proceeding is basically a civil one, the constitutional guaranty of the right to a speedy trial in "all criminal prosecutions" does not apply.[4] With respect to the claim of lack of diligence in prosecution, it is apparent that much of the delay was due to the court's overcrowded docket, and some of the delay may be attributed to appellant himself.

However, there is a basic defect in the proceedings which we cannot ignore. The statute provides that proceeedings to establish paternity and provide for the support of a child born out of wedlock "may be instituted * * * within two years after the birth of the child * * *."[5] It further provides that, after the required preliminary procedure, the complaint of the mother be reduced to writing, verified by her, and filed with the court.[6] Upon the filing of such complaint, the statute requires that "the case shall be calendared *forthwith* for preliminary hearing," (emphasis supplied) and that the clerk of the court "shall issue a summons requiring the accused to appear in court on a day certain for that purpose, * * *."[7]

In this case the complaint and information were filed on November 9, 1961, but no summons was issued until November 30, 1962, but no summons was issued until November 30, 1962. When the summons was served on December 3, 1962, over a year had elapsed since the filing of the complaint and the child was then twenty-eight months old.

■ The statute provides that proceedings of this nature may be "instituted" within two years after the birth of the child, but it also provides for the "forthwith" calendaring of the case and issuance of a summons to the accused. Even construed liberally, the statute requires that when a complaint is filed, notice to the accused, by way of summons, be given without unreasonable delay.

■ We hold that the filing of the complaint is not sufficient to stop the running of the statutory time limitation unless such filing is followed by the issuance of a summons without unreasonable delay. The year's delay in issuing a summons in this case was not reasonable.[8]

Reversed with instructions to dismiss the complaint and information.

1. Peak v. Calhoun, 63 App.D.C. 113, 69 F.2d 989 (1934); District of Columbia v. Prather, D.C.App., 207 A.2d 119 (1965).

2. Davis v. District of Columbia, D.C.Mun. App., 102 A.2d 842 (1954); Dicks v. United States, D.C.Mun.App., 72 A.2d 34 (1950).

3. District of Columbia v. Turner, D.C.Mun. App., 154 A.2d 925 (1959).

4. Jackson v. District of Columbia, D.C. App., 200 A.2d 199 (1964).

5. D.C.Code 1961, § 16–2343 (Supp. IV, 1965).

6. D.C.Code 1961, § 16–2344 (Supp. IV, 1965).

7. D.C.Code 1961, § 16–2345 (Supp. IV, 1965).

8. There is no suggestion in the record that the delay was due to lack of knowledge of appellant's whereabouts. To the contrary, appellant testified he had lived in the District his entire life, the complaining witness testified she knew where appellant lived during the period from the birth of the child until the trial, and when summons was issued, appellant was promptly served.