**DISTRICT OF COLUMBIA, Appellant,**

v.

**William Dancy HOWIE, Appellee.**

**DISTRICT OF COLUMBIA, Appellant,**

v.

**Donald JONES, Appellee.**

**Nos. 4113, 4203.**

District of Columbia Court of Appeals.

Argued March 13, 1967.

Decided June 26, 1967.

Robert C. Findlay, Asst. Corporation Counsel, with whom Charles T. Duncan, Corporation Counsel, Milton D. Korman, Principal Asst. Corporation Counsel, and Hubert B. Pair and Richard W. Barton, Asst. Corporation Counsel, were on the brief, for appellant.

Marilyn Cohen, Washington, D. C., for appellee Howie.

Paul S. Sherbacow, for appellee Jones.

Before HOOD, Chief Judge, MYERS, Associate Judge, and QUINN (Associate Judge, Retired).

HOOD, Chief Judge.

These two appeals from the Juvenile Court present identical questions of law on similar factual situations. In each case appellee was charged with being the father

of an illegitimate child. In each case appellee was successful in having the charge dismissed by the court prior to trial, and the government has appealed from the dismissal.

Our statute provides for the institution of proceedings to establish paternity and provide support for a child born out of wedlock "within two years after the birth of the child, or within one year after the putative father has ceased making contributions for the support of the child."[1] The statute also provides that upon the filing of the complaint "the case shall be calendared forthwith for preliminary hearing," and that the clerk of the court "shall issue a summons requiring the accused to appear in court on a day certain for that purpose."[2]

■ In Perry v. District of Columbia, D.C.App., 212 A.2d 339, 340 (1965), we ruled that "the filing of the complaint is not sufficient to stop the running of the statutory time limitation unless such filing is followed by the issuance of a summons without unreasonable delay." In that case we held that a year's delay was not reasonable and ordered the complaint dismissed. It was on the basis of our ruling in Perry that the trial court dismissed the informations in the two cases before us.[3]

In appellee Howie's case the complaint was filed on January 15, 1965, charging him with being the father of a child born on November 30, 1962, and alleging that the complaint was filed within one year after he had ceased making contributions for the support of the child. (The mother's testimony was that the last payment was made in February 1964.) His first appearance in court was on March 4, 1965. The case was continued for preliminary hearing which was held on October 19, 1965.

In appellee Jones' case the complaint was filed on April 27, 1966, charging him with being the father of a child born on May 12, 1964. His first appearance in court was on June 16, 1966, and his case was continued for preliminary hearing which was held on October 11, 1966.

In each case the trial court at the preliminary hearing found that the mother's testimony made out a prima facie case requiring trial, but thereafter in each case ordered the information dismissed on the authority of our decision in Perry. On these appeals the government argues that the trial court misconstrued the ruling in Perry.

In Perry we were concerned with the long delay (over one year) between the filing of the complaint and the issuing of the summons. The requirement of the statute that upon the filing of the complaint, the case be "forthwith" calendared for preliminary hearing and a summons be issued, indicated to us that it was intended that when a complaint is filed the defendant should be notified with promptness of the existence of the charge against him. Accordingly, we held that the filing of the complaint did not stop the statutory time limitation unless it was followed by the issuance of a summons without unreasonable delay. If this were not so, a charge could be pending indefinitely against a defendant who was totally unaware of its existence.

■ We did not hold in Perry and we do not now hold, that the word "forthwith" as used in the statute means "immediately." "Forthwith" as used in statutes, has been given a variety of meanings. We hold that

1. D.C.Code 1961, § 16–2343 (Supp. V 1966).

2. D.C.Code 1961, § 16–2345 (Supp. V 1966).

3. Although the proceeding is instituted by a verified complaint of the mother (D.C. Code 1961, § 16–2344, Supp. V 1966), the prosecution is by information based upon the complaint. (D.C.Code 1961, § 16–2342, Supp. V 1966). Apparently the customary procedure is, as was in these two cases, to file the information on the same day the complaint is filed.

forthwith as used in our statute, means without unreasonable delay.[4]

In Howie's case there was a lapse of thirty-four days between filing of the complaint and the issuance of the summons. In Jones' case the lapse was forty days. While it may appear that the summons in each case could have been issued with greater promptness, we are not prepared to say that the delay in either case was so great as to warrant dismissal of the complaint. It may be noted that the statute places the duty of issuing the summons not upon the mother or the prosecuting authority but upon the clerk of the court. The summons, unlike the ordinary summons in civil cases, does not merely call for the filing of an answer but requires defendant to appear in court for a hearing. Therefore, before issuance of a summons the case must be calendared for a definite date. The fixing of a date necessarily requires consideration of the court's other engagements, and it is common knowledge that the Juvenile Court handles a tremendous number of various proceedings. As a very practical matter, the calendaring of the case for preliminary hearing and the issuance of the summons cannot be done immediately upon the filing of the complaint. We hold there was no unreasonable delay in the issuance of a summons in either case.

Appellees also argue that in each case we must consider the time lapse from the filing of the complaint to the actual date of the preliminary hearing (about nine months in Howie's case and about five months in Jones' case) because, they argue, the initial appearance in court did not constitute the preliminary hearing contemplated by the statute.

In District of Columbia v. Mock, D.C.App., 217 A.2d 113, 114 (1966), we pointed out that while the statute provides for a preliminary hearing, it is silent as to the nature and purpose of such hearing. There we said that "the practice appears to be that at the preliminary hearing the court makes a determination of whether reasonable or probable cause exists for prosecuting the complaint", and we found no fault with such procedure. The practice also appears to be that the initial appearance in court partakes of the nature of an arraignment and that the case is then continued for preliminary hearing either because the parties are not prepared for the hearing or the court's schedule will not permit it. We likewise find no fault with this procedure. The essential requirement is that, upon the filing of the complaint, the defendant be notified without unreasonable delay of the pendency of the charge against him and the nature of the charge. The defendant may then take such action as he deems necessary to protect his rights. The records here do not disclose that either appellee objected to the continuance or made demand for a speedy preliminary hearing. Paternity proceedings are noncriminal in nature, and we know of no principle justifying dismissal of a noncriminal proceeding because of delay due to the court's congested docket.

With respect to any claim of the denial of a speedy trial, we also ruled in *Perry*, and we adhere to that ruling, that the constitutional guaranty of the right to a speedy trial "in all criminal prosecutions" does not apply to paternity cases.

The orders dismissing the informations are reversed.

---

4. D.C.Code 1961, § 16–2356 (Supp. V 1966), provides that the subchapter dealing with paternity proceedings "shall be so interpreted as to effectuate the protection and welfare of the child involved * * *."