DISTRICT OF COLUMBIA, Appellant,

v.

Thomas STOVALL, Jr., Appellee.

No. 4585.

District of Columbia Court of Appeals.

Argued April 16, 1969.

Decided May 23, 1969.

David P. Sutton, Asst. Corp. Counsel, with whom Charles T. Duncan, Corp. Counsel, Hubert B. Pair, Principal Asst. Corp. Counsel, and Richard W. Barton, Asst. Corp. Counsel, were on the brief, for appellant.

No appearance entered for appellee.

Before CAYTON, Chief Judge, Retired, and QUINN and MYERS, Associate Judges, Retired.

CAYTON, Judge.

The District of Columbia, brought this paternity action in Juvenile Court under D.C. Code 1967, § 16–2341 et seq. At the close of appellant's case, appellee rested and moved for judgment of acquittal. The trial court granted the motion on the ground that appellant had not met its burden. This appeal followed.

Essentially, appellant's contention is that the testimony of the complaining witness, which was uncontradicted, was sufficient to establish a prima facie case against the appellee, and that appellee's failure to rebut required a finding of paternity.

The complaining witness testified that her baby was born on February 23, 1966, that she believed that she had become pregnant sometime between the last week in May (her last menstrual period) and the last week in June, 1965 (when she was due to have a period), and that between March and July of 1965, she was having frequent sexual relations with appellee and with no one else. Complainant's mother was called as a witness, but complainant's sister, who had more direct knowledge of the situation, although subpoenaed, did not appear as a witness.

A finding of paternity may rest on the uncorroborated testimony of the complaining witness. Bragg v. District of Columbia, D.C.Mun.App., 98 A.2d 784 (1953). In the instant case, the trial judge, sitting as trier of the facts, expressly found that the complaining witness' testimony was not reliable, trustworthy or credible. He based that finding on his observation of her and her mannerisms and uncertainty.

The determination of the credibility of witnesses is a matter peculiarly within the province of the trial court, and even though we might have decided this case differently, we could not reverse the judgment without invading that province. Subjective factors, such as appearance, voice, demeanor, etc., of a witness are involved in a determination of credibility, and these are of course not reflected in a typewritten record. Perlman v. Chal-Bro., Inc. D.C.Mun. App., 43 A.2d 755 (1945). In this case, the trial judge stated specifically that, in part, his finding as to credibility was derived from his "having heard her testimony firsthand, observed her mannerisms and uncertainties, and questioned her directly".

Although, as already stated, we may have taken a different view of the factual situation, and although in a case like this it would seem wiser to require the defendant to give answering testimony, we cannot on the record say that the decision below was erroneous as a matter of law.

Affirmed.