## COLEMAN v. DISTRICT OF COLUMBIA.

### No. 1123.

Municipal Court of Appeals for the District of Columbia.

Argued Oct. 16, 1951.

Decided Oct. 30, 1951.

Richard R. Atkinson and E. Lewis Ferrell, Washington, D. C., for appellant.

Edward A. Beard, Asst. Corp. Counsel, Washington, D. C., with whom Vernon E. West, Corp. Counsel, Chester H. Gray, Principal Asst. Corp. Counsel, and Richard W. Barton, Asst. Corp. Counsel, Washington, D. C., were on the brief, for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

HOOD, Associate Judge.

On May 31, 1951, an information was filed in the Juvenile Court charging appellant with being the father of a child born on April 16 to an unmarried woman.[1] Ap-

---

9. See also Sheehan v. Huff, 78 U.S.App.D. C. 391, 142 F.2d 81, certiorari denied, 322 U.S. 764, 64 S.Ct. 1287, 88 L.Ed. 1591.

1. Public Law 917, Chapter 1225, 81st Cong., 2d sess., approved January 11, 1951, 64 Stat. 1240.

pellant appeared in court on June 12. He was without counsel and the trial court informed him he was entitled to counsel if he so desired. He replied that he did not desire counsel. He was then asked if he was the father of the child and he replied: "Probably yes; probably no." On being told that he must answer yes or no, he stated he wanted to do the right thing, wanted to be a man about it, and would say that the child was his. The trial judge then told him that if he had any doubt whatsoever as to whether he was the father of the child, he was entitled to a trial before the court or, at his election, before a jury, and the judge advised him of the purpose and effect of trial by jury and trial by court. Appellant again stated he did not desire counsel and then signed a written waiver of his right to counsel and to trial by jury. He then pleaded guilty to the charge. Thereupon the court entered an order requiring appellant to pay a weekly sum for support of the child until it reached five years of age and thereafter to pay a further and larger weekly sum until the child reached the age of 16. After entry of the order appellant asked if the child after becoming two or three years old did not resemble appellant, whether he could return to court and deny paternity. He was told that he could not do so, that his admission of guilt would be final and binding, and again he was told that he was entitled to counsel to aid him in determining whether to plead guilty or not guilty and whether to ask trial by court or by jury. Again appellant stated he did not wish either counsel or trial.

Later in the same day counsel entered an appearance for appellant and two days later appellant through such counsel moved for leave to withdraw both the plea of guilty and the waiver of trial by jury.[2] At hearing on the motion appellant testified that he was 44 years of age, had only a third-grade education and could read and write a little; that he had never been in court prior to these proceedings; that prior to the day of his appearance in court he had talked with a lawyer and had intended to see the lawyer on the morning the case was called and ask his representation in the case; that he worked all the night before the day the case was called, left work at about 8:00 o'clock in the morning and went to a hospital where his wife had had her tonsils removed and took her home; that when he got home he told his wife for the first time of the charge against him and she became very much upset and threatened to leave him; that when he had quieted her he realized he would be late for court and he rushed there without stopping by the lawyer's office; that when he reached the court his name was being called out by the bailiff and he went immediately into the courtroom.

He further testified that he was so physically tired and mentally upset that he did not understand what he was doing when he waived his right to counsel and trial by jury and allowed a plea of guilty to be entered; and that he went directly from court to the lawyer's office.

The court denied the motion, stating that it had explained to appellant his rights in simple non-technical language, that at the time he gave no indication of suffering any mental distress, and that the court was satisfied appellant understood the explanation and had made an intelligent and voluntary decision to plead guilty.

Appellant's argument may be divided into two parts. First, that he did not intelligently waive his right to counsel and to trial by jury and that it was error to accept his plea of guilty. Second, that it was error to refuse his motion for permission to withdraw his plea of guilty.

The first point is not free from doubt. It is clear that the trial court made a conscientious effort to explain to appellant his rights. Whether appellant intelligently waived those rights is not so clear because there is usually some doubt whether a layman, unversed in the law and inexperienced in court procedure, without assistance of counsel can fully comprehend the nature of his rights, the import of their waiver and the binding and final effect of a plea of guilty. Without deciding this first point,

2. Since judgment had been entered, the motion should also have asked that it be set aside.

we turn to the second which must be considered in connection with the first.

■ A proceeding of this sort is not a criminal prosecution. The proceeding is instituted to establish the paternity and provide for the support of a child born out of wedlock. No accusation of crime is made and no punishment is sought. Although the statute provides that the "prosecution" shall be upon information in the name of the District, it does not use the terms guilt or guilty or conviction or sentence. We have used the term "plea of guilty" because that expression is used in the statement of proceedings and evidence before us, but the statute provides for judgment "If the defendant, in open court, shall acknowledge the paternity of a child born out of wedlock, or if at the trial the finding of the court or jury be against the defendant." Nevertheless the proceeding has been termed quasi-criminal in nature.[3] Upon default of payments as ordered a defendant may be committed to jail for a period of not more than one year at any one time. Therefore in considering whether appellant should have been permitted to withdraw his "plea of guilty," we think we should be guided by the principles applied in criminal cases in the federal courts.

In Kercheval v. United States, 274 U.S. 220, 223–224, 47 S.Ct. 582, 583, 71 L.Ed. 1009, the Supreme Court said: "Out of just consideration for persons accused of crime, courts are careful that a plea of guilty shall not be accepted unless made voluntarily after proper advice and with full understanding of the consequences. When one so pleads he may be held bound. United States v. Bayaud, C.C., 23 F. 721. But, on timely application, the court will vacate a plea of guilty shown to have been unfairly obtained or given through ignorance, fear or inadvertence. Such an application does not involve any question of guilt or innocence. Commonwealth v. Crapo, 212 Mass. 209, 98 N.E. 702. The court in exercise of its discretion will permit one accused to substitute a plea of not guilty and have a trial if for any reason the granting of the privilege seems fair and just."

In the comparatively recent case of Bergen v. United States, 8 Cir., 145 F.2d 181, 187, the law on the subject was summed up in the following manner: "We think it may be gathered from all of the cases that an accused is entitled to withdraw a plea of guilty if it fairly appears that he was in ignorance of his right and of the consequence of his act, or if it appears that the plea was made under some mistake or misapprehension. The withdrawal should not be denied where a proper showing for its allowance is made, merely because the defendant on a trial might or probably would be found guilty. While the burden is on the accused to show cause for the change of his plea, the court's discretion should be exercised liberally, so as to promote the ends of justice and to safeguard the life and liberty of the accused, especially where the defendant is without the advice of counsel and his motion is seasonably made. And, in any case, the motion should not be denied where it is evident that the ends of justice would best be served by granting it."

■ Tested by the principles laid down in those cases we think appellant's motion should have been granted. His plea of guilty was made without benefit of counsel and under circumstances which at least raise a doubt whether it was made with a full understanding of the consequences. Probably appellant fully understood that he was charged with being the father of the child and that his acknowledgment of the truth of the charge would result in his being ordered to pay something for support of the child, but it is not at all clear that he was informed or understood that such payments would have to be made for a period of sixteen years and that whenever he defaulted in payment he could be sent to jail for a year. The motion was promptly and seasonably made and a liberal exercise of the court's discretion required that it be granted.

Reversed.

CLAGETT, J., sat during the argument of this case and agreed with the foregoing opinion, but died before its publication.

3. Peak v. Calhoun, 63 App.D.C. 113, 69 F. 2d 989.