THE STATE, EX REL. LOVE, APPELLANT, *v.* JONES, APPELLEE.

(No. 7760—Decided October 5, 1953.)

*Mr. Edward C. Benson,* for appellant.
*Mr. Julian R. Forney,* for appellee.

Ross, J. This is an appeal on questions of law from a judgment of the Court of Common Pleas, Division of Domestic Relations, of Hamilton County.

The trial court caused this judgment to be entered:

"This cause coming on to be heard on the complaint of Ernestine Love and the evidence, on consideration whereof it appearing to the court that this action was brought in the name of the state of Ohio on the relation of Ernestine Love, and it further appearing that said Ernestine Love at the time of filing her complaint was a minor, aged 18 years; the court finds that a bastardy proceeding cannot be instituted or maintained in the name of the state of Ohio; and the court further finds that such bastardy proceeding cannot be instituted or maintained by a minor complainant.

"It is therefore ordered, adjudged and decreed that this cause be, and the same hereby is, dismissed without prejudice to the institution of a proper proceeding in accordance with law, at the costs of the plaintiff.

"To all of which said Ernestine Love, through her attorney, Edward C. Benson, excepts."

The complaint was filed on June 23, 1950, in conformity to the provisions of Section 12110 *et seq.,*

General Code, appearing in Part Third (Remedial) of the General Code, Title IV (Procedure in the Common Pleas Court), Division VIII, Quasi Criminal Actions, Chapter 2 (Bastardy). These are the applicable sections of the General Code in force at the time the complaint was filed, and are those that govern matters of procedure in the action herein considered. (Sections 26 and 26-1, General Code.)

The first question presented is whether the trial court was correct in adjudging "that a bastardy proceeding cannot be instituted or maintained in the name of the state of Ohio."

In *State, ex rel. Gill*, v. *Volz*, 156 Ohio St., 60, 100 N. E. (2d), 203, it is held in the second paragraph of the syllabus:

"Although the General Assembly has, in the enactment of the General Code of Ohio, classified bastardy proceedings as 'quasi-criminal proceedings,' and although a bastardy proceeding possesses some of the characteristics of a criminal prosecution, the applicable statutes do not contemplate the punishment of a criminal act but only the enforcement of a moral duty of reimbursing the complainant for expense of and maintaining the child, and the civil nature of such a proceeding is such that a verdict of guilty against the putative father may be rendered upon the concurrence of three-fourths or more of the members of the jury."

In the opinion, on page 72, it is stated by Judge Hart:

"The view that, although bastardy proceedings possess the attributes of both civil and criminal proceedings, they are in purpose and effect essentially civil is based on a fair balance of the characteristics and the fact that bastardy proceedings have more civil than criminal attributes. Among these important characteristics are the facts that the courts agree that a preponderance of the evidence is sufficient to support

a judgment of filiation rather than proof beyond a reasonable doubt; and that the accused can not plead double jeopardy in case of a reversal of a judgment against him for error."

Again, on page 73, *ibid.*, it is stated:

"This court, in view of the historical background of the legislation relating to this matter and in view of what appears to be the long settled practice of the inferior courts of this state, is constrained to hold that a bastardy proceeding is essentially a civil action and that the trial court committed no error in the instant case in accepting the verdict of guilty concurred in by nine members of the jury."

To the same effect is paragraph two of the syllabus in *Duncan v. State, ex rel. Williams,* 119 Ohio St., 453, 164 N. E., 527:

"A bastardy proceeding is subject to the procedure provided in the Code of Civil Procedure, and a judgment rendered in such a proceeding can only be reviewed if an error proceeding is filed within seventy days from the date of the entry of judgment in the court from which such error proceeding is prosecuted."

The logical effect of these conclusions is that the provisions of the Code of Civil Procedure, so far as appropriate to an action under the bastardy statutes, are controlling. The Code of Civil Procedure being general in nature, special procedural provisions in the Bastardy Act will take precedence over general provisions in the Code of Civil Procedure.

The following sections of the Code of Civil Procedure require consideration in approaching a solution of the problem presented.

"An action is an ordinary proceeding in a court of justice, involving process, pleadings, and ending in a judgment or decree, by which a party prosecutes another for the redress of a legal wrong, enforcement of

a legal right, or the punishment of a public offense.''
Section 11237, General Code.

''There shall be but one form of action, to be known
as a civil action. This requirement does not affect any
substantive right or liability, legal or equitable.''
Section 11238, General Code.

''In every civil action the party complaining shall
be known as the plaintiff, and the adverse party as the
defendant. The title of a cause shall not be changed in
any of its stages.'' Section 11239, General Code.

''An action must be prosecuted in the name of the
real party in interest, except as provided in the next
three succeeding sections. When a party asks that he
may recover by virtue of an assignment, the right of
set-off, counterclaim, and defense, as allowed by law,
shall not be impaired.'' Section 11241, General Code.

''Every pleading must contain the name of the court
and the county in which the action is brought, and the
names of the parties, followed by the name of the
pleading.'' Section 11304, General Code.

''The first pleading shall be the petition by the plain-
tiff, which must contain:

''1. A statement of facts constituting a cause of
action in ordinary and concise language;

''2. A demand for the relief to which the plaintiff
claims to be entitled. If the recovery of money is de-
manded, the amount shall be stated; and if interest is
claimed, the time for which interest is to be computed
shall be stated.'' Section 11305, General Code.

The sections of the Code of Civil Procedure quoted
applying to the initiation of a civil action, such as
what the pleading or petition shall contain, are ob-
viously inappropriate to the commencing of a proceed-
ing under the Bastardy Act. It is instituted when an
unmarried woman makes a complaint in writing under
oath before a justice of the peace or in Juvenile Court
charging a person with being the father of her child.

See Section 12110, General Code; 5 Ohio Jurisprudence, 550, Bastardy, Section 8 (forms for institution of proceedings); Baldwin's Ohio Civil Practice Manual, Form No. 453 *et seq.* This affidavit is not a petition, and there is no requirement upon the complainant to employ any form of title to her affidavit. A warrant is issued and the person accused is arrested and incarcerated in the absence of bail. The justice of the peace, if the complaint is filed before him, conducts a hearing and files with the clerk of the Common Pleas Court a certified copy of his proceedings. (Section 12111 to Section 12117, General Code.) Certainly, up to this time, there is no obligation on the complainant to entitle her proceeding or to designate parties in any caption. It is to be presumed that the justice will in some way designate the proceeding before him. Any error in such designation may not be charged to the complainant.

If the complaint is filed in the Juvenile Court, pursuant to Section 12115, General Code, the judge fixes a time for trial and the case proceeds as provided by the subsequent sections of the act.

Again, there is no requirement or provision either in the Bastardy Act or Code of Civil Procedure for designation by the complainant of a title for her action. It would seem that her only duties are to swear to and file the complaint with the justice of the peace or Juvenile Court, appear, testify and accept what the court may award her. It is to be presumed that in many cases she would not even employ counsel, at least until the time of trial. It is to be presumed also that the Juvenile Court will in some way entitle the action.

The complainant can not be prejudiced by any misconception or action by these courts or the officers thereof in giving a title or caption to the action.

In *Cincinnati Traction Co.* v. *Ruthman*, 85 Ohio St.,

62, 96 N. E., 1019, Ann. Cas. 1913A, 911, in the opinion at page 70 it is stated:

"Now it is a rule of general application, if not of universal application, that where a party in the prosecution of a right does everything which the law requires him to do, and fails to attain his right wholly by the neglect or misconduct of an officer charged with a public duty with respect thereto, the law will not permit the diligent party to suffer detriment by reason of such neglect; a condensed expression of the rule being that the wrongful act of the judge shall not, in law, prejudice the well-intended acts of the party."

The complainant's action, therefore, could not be dismissed on this ground.

As to the proper title of a bastardy action to be selected by the justice of the peace or trial court, the matter seems to have been decided in our first report of Supreme Court decisions.

See *Devinney* v. *State*, Wright, 564. In paragraph two of the syllabus (not at the time of decision the law of the case) it is stated:

"A prosecution in bastardy is only quasi criminal, and if brought in the name of the state at all, it should appear to be on the relation of the prosecuting witness. Semble, it is more proper to use her name alone."

In the opinion, at page 565, it is stated:

"This prosecution is quasi criminal, but not strictly so, and if conducted in the name of the state at all, it should appear to be on the relation or complaint of the real party. We think it would be more proper to carry on the suit in the name of the party complaining."

An examination of the Ohio, Ohio State, Circuit Court, Circuit Court, New Series, and Court of Appeals reports will show that the suggestion of the Supreme Court in *Devinney* v. *State, supra,* was followed

up to the year 1897. The last case in the Supreme Court carrying the complainant as a party is *Miller* v. *Busick* (1897), 56 Ohio St., 437, 47 N. E., 248. The next case is *Powell* v. *State, ex rel. Fowler*, 84 Ohio St., 165, 95 N. E., 660, 36 L. R. A. (N. S.), 255, decided in 1911.

In the Circuit Court, the last party designation is in *Pollman* v. *James* (1896), 11 C. C., 557, 5 C. D., 275; the next bastardy case being *State, ex rel. Herr,* v. *O'Brien* (1897), 14 C. C., 300, 7 C. D., 386.

Cases involving suits on bonds were usually styled "State vs. ........."

The reason for the change does not appear unless it be due to legislation occurring in the Act of 1878 (75 Ohio Laws, 597, 740), containing a revision of the Code of Civil Procedure, when the bond formerly required to be given the township trustees (70 Ohio Laws, 111) was required to be given to the state.

Under the present applicable provisions of the act, the requirement as to bond is:

"The court shall require the reputed father to give security for the payment of the support, maintenance and necessary expenses of the complainant caused by the pregnancy and childbirth together with the cost of prosecution." (Section 12123, General Code.)

Under the present law and that in force at the time the complaint was filed, the bond, as indicated, was given to secure payment of the award to the complainant and not for the direct maintenance of the child. 110 Ohio Laws, 299 (1923); 119 Ohio Laws, 735 (1941); 124 Ohio Laws, 196, 197 (1951). Thus, today the state has only a secondary interest in the performance of the order. If the payments are made to the mother, the child will in all probability not become a charge upon the state. Compliance with the award, however, does not relieve the father from the obligation involved in Section 13008, General Code, and he may be

prosecuted for failure to support his child as in other cases. *State* v. *Schwartz,* 137 Ohio St., 371, 30 N. E. (2d), 551.

Under the former acts, the order was made for support of the child. 75 Ohio Laws, 742.

It would seem, therefore, that the conclusion expressed in *Devinney* v. *State, supra,* is today, more especially in view of the mere secondary interest of the state in the outcome of a bastardy proceeding, peculiarly appropriate. However, as pointed out, failure to comply with that conclusion may not be charged against the complainant, and does not require reversal of a judgment in her favor where the proper officers failed to comply with the conclusion. Especially is this true in view of the obligation of the court stated as follows in the opinion of *Gibson* v. *Solomon,* 136 Ohio St., 101, 107, 23 N. E. (2d), 996, 125 A. L. R., 903:

"The three cases last cited take cognizance of the long established rule that courts will look beyond the nominal party whose name appears formally upon the record and will treat as the real party him whose interests are involved in the litigation—one responsible for instituting an action and who actively participates in its prosecution. *Code* v. *Favorite,* 69 Ill., 457; *Peterson* v. *Lothrop,* 34 Pa. (10 Casey), 223; *Quinn, Aud.,* v. *State, ex rel. Leroy, supra* (118 Ohio St., 53, 160 N. E., 455), quoting from 15 Ruling Case Law, 1009, Section 483; 1 Freeman on Judgments (5 Ed.), 939, Section 432."

See, also, *Morisse* v. *Billau,* 70 Ohio App., 215, 45 N. E. (2d), 798; and *Roberts* v. *Sogg,* 30 Ohio Law Abs., 523.

As to the second ground for reversal, reference is again made to the Code of Civil Procedure—Section 11247, General Code, which provides:

"The action of an insane person must be brought by

his guardian; and of an infant by his guardian or next friend. When the action is brought by his next friend, the court may dismiss it, if it is not for the benefit of the infant, or substitute the guardian, or any person, as the next friend.''

In the Bastardy Act (Section 12134, General Code), it is provided:

''In case of the death or disability of an unmarried woman *who would otherwise be eligible to make complaint* as provided in this chapter, the executor, administrator or guardian of such unmarried woman, or a probation officer of the Juvenile Court or a representative of the Division of Charities, Department of Public Welfare, acting as guardian ad litem of such unmarried woman, whether she be of age or not, may make and prosecute such complaint, with like effect, as if prosecuted by the mother herself. * * *'' (Emphasis added.)

The application of either of those sections forecloses the institution or prosecution of the action by a minor. No application was made to substitute a guardian ad litem or other person to prosecute the action; hence, we are not called upon to consider here whether such substitution could have been made.

The case of *Durst* v. *Griffith,* 43 Ohio App., 44, 182 N. E., 519, is mentioned as being contrary in holding to the conclusions herein expressed. That case was decided in 1932. In the report it does not appear when the complaint was filed. In the opinion, at page 48, it is stated:

''Now Section 12110, seeking not to punish, but to enforce the performance of a civil duty (*Carter* v. *Krise,* 9 Ohio St., 402), provides for the arrest of *any person* charged with being the father of an illegitimate child and the subsequent provisions provide for his trial. No provision is found in the chapter on bas-

tardy or elsewhere for the appointment of a guardian *ad litem* to protect the interests of an infant defendant in that sort of proceeding, and none is therefore required.''

Certainly, it would seem that the court did not have before it the present applicable provision contained in Section 12134, General Code.

The judgment of the trial court is affirmed upon the second ground stated as a basis for dismissal of the action.

*Judgment affirmed.*

MATTHEWS, P. J., and HILDEBRANT, J., concur.