**HARRISON**

**v.**

**DISTRICT OF COLUMBIA.**

No. 1444.

Municipal Court of Appeals for the District of Columbia.

Argued Feb. 15, 1954.

Decided March 10, 1954.

Belford V. Lawson, Jr., Washington, D. C., for appellant.

Hubert B. Pair, Asst. Corp. Counsel, Washington, D. C., with whom Vernon E. West, Corp. Counsel, Chester H. Gray, Principal Asst. Corp. Counsel, and Harry L. Walker, Asst. Corp. Counsel, Washington, D. C., were on the brief, for appellee.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

QUINN, Associate Judge.

The Juvenile Court, sitting without a jury, found the appellant to be the father of complainant's illegitimate child and entered an order requiring him to support the child. Appellant had previously been found to be the father by a jury, but we ordered a reversal because of error committed in the admission of evidence.[1]

There is only one error assigned. Appellant contends that the trial court erred in finding him to be the father of the child because her testimony was incredible and unworthy of belief. In effect, appellant argues that the trial court's finding was against the weight of the evidence. Like the majority of bastardy cases, the issue was clear-cut. The complaining witness testified that she did not have sexual relations with any one other than appellant during the conceptual period and that before and after the child's birth he had contributed sums of money to assist her and the child. Appellant testified that he had known the complaining witness for a number of years. He denied having sexual relations with her at any time. He admitted giving her money on one occasion to assist her and her sister, who were in financial straits. This is the familiar setting of a charge of paternity by the Government and a denial by the putative father.

It would serve no useful purpose to set forth in detail the conflicting testimony because the law is clear that where there is a direct conflict in the evidence the question is one for the trier of the facts and not for this court. It is true that there were discrepancies in the testimony of the complaining witness and some confusion, but such discrepancies affected only the weight of the testimony, and we assume that the trial court took this into consideration in arriving at its decision. Our study of the transcript of some 450 pages convinces us that there is ample sup-

1. Harrison v. District of Columbia, D.C.Mun.App., 95 A.2d 332.

port in the evidence to sustain the finding, and it is not within our province to disturb it. We have stated on many occasions that this court has no power to reweigh the evidence, nor can we say that the decision of the trial judge was "plainly wrong or without evidence to support it." Code 1951, § 11-772(c).

Affirmed.