James A. STALLANS, Appellant,

v.

DISTRICT OF COLUMBIA, Appellee.

No. 1888.

Municipal Court of Appeals for the District of Columbia.

Argued Feb. 11, 1957.

Decided April 12, 1957.

Clinton W. Chapman, Washington, D. C., for appellant.

Richard W. Barton, Asst. Corp. Counsel, with whom Chester H. Gray, Corporation Counsel, Milton D. Korman, Principal Asst. Corporation Counsel, and Hubert B. Pair, Asst. Corporation Counsel, were on the brief, for appellee.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

ROVER, Chief Judge.

On June 11, 1956, appellant was charged in the Juvenile Court with being the father of a child born on April 13, 1956, to an unmarried woman, Code 1951, Supp. V, § 11–951 et seq. A summons was issued requiring him to appear on July 3, 1956, to answer the charge; failing to appear on that date a Bench Warrant was issued for his arrest. He was taken into custody on July 20, 1956, around 5 o'clock in the morning, kept in confinement in the cell block in the District Court Building until about 3:30 in the afternoon when he was taken by a Deputy Marshal to the Juvenile Court to plead to the charge. He was not represented by counsel. When asked whether he desired a lawyer he replied, "I will answer for myself." He signed a waiver of his right to counsel and when asked how he pleaded he replied, "Guilty." The court thereupon ordered him to pay $16 every other week until the child reached 16 years of age on April 13, 1972.

On July 26, 1956, counsel entered an appearance for him and on the same day filed a Motion to set aside the judgment and withdraw the guilty plea. At the hearing on the Motion, after testimony of appellant and argument of counsel, the court denied the Motion; this appeal followed.

Appellant testified that he had never received the summons to appear; that following his arrest at 5 a. m. he was confined until he was taken to the Juvenile Cour⸍

around 3:30 p. m.; that he was brought before the court sometime thereafter; that during the entire time he was in custody "he had no food and that no one had talked to him or told him that he could communicate with anyone or could be released upon giving proper bond; * * * that because of the long period of time in which he was held in custody without food, his fright and desire to be released without further delay, he was not aware of the import of his actions; * * *."[1] He admitted that when he had originally appeared the judge told him that if he acknowledged paternity and failed to comply with any order for support he could be sent to jail.

This court in Coleman v. District of Columbia[2] reversed the Juvenile Court in a comparable situation. After reviewing the principles enunciated in Federal decisions we said:

"Tested by the principles laid down in those cases we think appellant's motion should have been granted. His plea of guilty was made without ben-efit of counsel and under circumstances which at least raise a doubt whether it was made with a full understanding of the consequences. Probably appellant fully understood that he was charged with being the father of the child and that his acknowledgment of the truth of the charge would result in his being ordered to pay something for support of the child, but it is not at all clear that he was informed or understood that such payments would have to be made for a period of sixteen years and that whenever he defaulted in payment he could be sent to jail for a year. The motion was promptly and seasonably made and a liberal exercise of the court's discretion required that it be granted."

We are of the opinion that the doctrine laid down in Coleman applies here and accordingly we rule that the court should have granted the Motion.

Reversed.

1. Statement of Proceedings and Evidence.

2. D.C.Mun.App., 83 A.2d 873, 875.