John Leonard HUFFMAN, Appellant,

v.

DISTRICT OF COLUMBIA, Appellee.

No. 1924.

Municipal Court of Appeals for the District of Columbia.

Argued May 27, 1957.

Decided June 13, 1957.

4. Appellant's brief, p. 4.

5. Ibid.

Charles H. Mayer, Washington, D. C., with whom Lewis H. Shapiro, Washington, D. C., was on the brief, for appellant.

Hubert B. Pair, Asst. Corporation Counsel, Washington, D. C., with whom Chester H. Gray, Corporation Counsel, Milton D. Korman, Principal Asst. Corporation Counsel, and Richard W. Barton, Asst. Corporation Counsel, Washington, D. C., were on the brief, for appellee.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

ROVER, Chief Judge.

Appellant was charged in the Juvenile Court with being the father of a child born out of wedlock (Code 1951, Supp. V, § 11–951 et seq.).

He appeared in court on October 2, 1956, in response to a summons. The clerk read the information to him and when he was asked if he wanted a lawyer he replied: "I will answer for myself." He then signed a printed waiver of counsel and when asked how he pleaded he replied: "Guilty." The court thereupon ordered him to pay $75 toward the cost of hospitalization at the rate of $3 semi-monthly, and $16 semi-monthly for the support of the child until it reached 16 years of age on September 30, 1970.

Three days later counsel entered an appearance for the appellant and on October 8, 1956, filed a motion to set aside the guilty plea and for leave to enter a plea of not guilty. The motion was denied and this appeal followed.

At the hearing on the motion the defendant testified in substance that he was unfamiliar with court proceedings; that he recalled going into the courtroom and upon being asked whether he wanted a lawyer he answered he did not need or want one; he saw the printed waiver but did not recall signing anything; the judge told him he was in court charged with being the father of a child; he recalled being asked whether or not he was guilty and he stated: "So she says I am"; he further recalled someone's stating it made no difference what "she" said, that the court "wants to know what you say"; that he did not knowingly enter a plea of guilty to the charge; and that he was frightened by the entire proceedings.

We see no difference in principle between this case and our decisions in Stallans v. District of Columbia [1] and Coleman v. District of Columbia.[2] In Coleman we said:

> "* * * Probably appellant fully understood that he was charged with being the father of the child and that his acknowledgment of the truth of the charge would result in his being ordered to pay something for support of the child, but it is not at all clear that he was informed or understood that such payments would have to be made for a period of sixteen years and that whenever he defaulted in payment he could be sent to jail for a year. * *"

We rule, on the authority of Stallans and Coleman, that the court should have granted the motion.

Reversed with instructions to grant the motion and set aside the judgment of paternity.

---

1. D.C.Mun.App., 130 A.2d 923.

2. D.C.Mun.App., 83 A.2d 873, 875.