William CURTIS, Appellant,

v.

UNITED STATES, Appellee.

No. 2263.

Municipal Court of Appeals for the
District of Columbia.

Argued Dec. 1, 1958.

Decided April 21, 1959.

---

William A. Smith, Washington, D. C., with whom Curtis P. Mitchell, Washington, D. C., was on the brief, for appellant.

Ted D. Kuemmerling, Asst. Corp. Counsel, Washington, D. C., with whom Chester H. Gray, Corp. Counsel, Milton D. Korman, Principal Asst. Corp. Counsel, and Hubert B. Pair, Asst. Corp. Counsel, Washington, D. C., were on the brief, for appellee. Richard W. Barton, Asst. Corp. Counsel, Washington, D. C., also entered an appearance for appellee.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

ROVER, Chief Judge.

Appellant was adjudged to be the father of a child born out of wedlock in a pater-nity proceeding before the Juvenile Court in 1950. Almost eight years later, following an adjudication of contempt by the same court, appellant filed a motion to set aside his "plea of guilty" in the original proceeding and to vacate both that judgment and the subsequent judgment of contempt on the ground that he was without the benefit of counsel.

Curtis first appeared before the court on September 21, 1950, and acknowledged paternity of the child. The record of that hearing contains a printed form signed by appellant waiving his rights to counsel and trial by jury.[1] Thereafter, on October 12, 1950, the court entered an order placing him on probation conditioned upon payments of $5 weekly for the support of the child until it reached the age of seven, the payments to be increased after that to $7 weekly until the child became fourteen years old.

Curtis subsequently entered the armed forces. No payments were ever made and following his discharge from the military service, a bench warrant for his arrest was issued in February of 1954. This was returned "not found" and was ultimately withdrawn.

Appellant's next encounter with the court occurred on January 23, 1958, when he came before its present judge in response to a summons to show cause why his probation should not be revoked for failure to comply with the court's order of 1950. Appearing without counsel, he denied his former admission of paternity as well as knowledge of the 1950 court order and his probationary status. The matter was continued for an investigation of appellant's statements by a probation officer. At the hearing on April 17, 1958, Curtis was again without counsel. The probation officer reported appellant's allegations "to be untrue and without substance" and the court there-

[1.] Since the 1950 hearings were tried by the predecessor of the present Juvenile Court judge, we are without the benefit of a statement of proceedings and evidence.

Portions of the original record and docket entries included by appellant in the record for appeal are the sources of our knowledge as to this phase of the case.

upon adjudicated Curtis in contempt. A fine of $50 was imposed and in addition, while continuing appellant on probation, the court ordered him to pay all arrearages on the original support order.

Several days later, counsel entered an appearance for appellant. No appeal was taken from the contempt judgment,[2] but twenty-eight days thereafter, a motion to set aside the original plea of guilty and to vacate both judgments was filed together with appellant's affidavit. The court did not conduct a hearing on the motion and its denial led to this appeal.

■ The Corporation Counsel contends that the Juvenile Court did not have jurisdiction to entertain a motion to vacate the judgments in this instance. To support this position, it is pointed out that appellant has never been incarcerated and that as a jurisdictional prerequisite for the filing of such a motion, the movant must be "a prisoner in custody." The quoted language here has reference to 28 U.S.C.A. § 2255. In urging this contention, the Corporation Counsel concedes that § 2255 is directly applicable only to the federal courts. Its relevance to the Juvenile Court is argued under our decision in Burke v. United States, D.C.Mun.App., 103 A.2d 347. In Burke, this court stated that the right of the Juvenile Court to vacate a sentence or judgment is not derived from any express statutory authority, but rather, like the power to grant new trials, its power to grant such relief is inherent.[3] That case, however, recommended that the Juvenile Court be guided in its consideration and disposition of a motion to vacate by the decisions of the Supreme Court and federal courts defining the scope of relief under § 2255. In ruling that a motion under § 2255 may be invoked only where a writ of habeas corpus had previously been the appropriate remedy, these courts have unanimously held in recent years that the motion is available only to a prisoner in custody.[4] One released on probation is not deemed to be in custody. Strand v. Schmittroth, 9 Cir., 251 F.2d 590. Thus, we conclude that the Juvenile Court was without jurisdiction to entertain appellant's motion if it is treated as a motion to vacate the judgment in either proceeding.

Appellant does have standing for review if the motion is considered as one to withdraw a plea of guilty and set aside the judgment. On three occasions this court has reviewed cases brought here from the Juvenile Court on orders denying similar motions.[5] In all of these, as here, the question as to whether there had been an intelligent waiver of the right to counsel was in issue. The first of these cases, Coleman v. District of Columbia, supra note 5, pointed out that while a paternity proceeding is not a criminal prosecution, it is quasi-criminal in nature. In determining, therefore, whether appellant should have been permitted to withdraw his plea of guilty, that case held that the court should be guided by principles applicable to criminal cases in the federal courts.

■ Rule 32(d) of the Federal Rules of Criminal Procedure, 18 U.S.C.A. provides:

"A motion to withdraw a plea of guilty or of *nolo contendere* may be made only before sentence is imposed

---

2. The docket entries show that counsel entered an appearance on April 22. This would have been 5 days before the expiration date for filing a notice of appeal from the contempt judgment. The statement of proceedings and evidence, however, discloses that counsel did not enter the case until April 27, the last day on which an appeal could have been taken.

3. 103 A.2d at page 351.

4. See the concurring opinion of Justice Stewart in Heflin v. United States, 79 S. Ct. 451, and cases cited therein.

5. Huffman v. District of Columbia, D.C. Mun.App., 133 A.2d 114; Stallans v. District of Columbia, D.C.Mun.App., 130 A.2d 923; Coleman v. District of Columbia, D.C.Mun.App., 83 A.2d 873.

or imposition of sentence is suspended; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea." [6]

The granting of such a motion is not a matter of right, but rests in the sound discretion of the trial court. Morris v. United States, 101 U.S.App.D.C. 296, 248 F.2d 618; Daher v. United States, D.C.Mun.App., 144 A.2d 379. Where the motion is filed after the imposition of a sentence or penalty, as here, it must be seasonably made, Coleman v. District of Columbia, supra, and the burden of persuading the court of "manifest injustice" is on the movant. In the present case, it was incumbent on appellant to substantiate by facts his claim that he did not competently and intelligently waive his right to counsel.

Tested by these principles, we may examine appellant's motion and affidavit. Considering first, the timeliness of the application, we cannot say that the court abused its discretion in denying appellant's motion which was filed almost eight years after the court's penalty had been imposed.[7] In the previous appeals brought to this court of the same nature,[8] the longest intervening period of time between the adjudication of paternity and the filing of the motion was six days. But even absent the factor of timely application, there was no abuse of discretion in denying the motion. In Johnson v. Zerbst, 304 U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461, 146 A.L.R. 357, the Supreme Court said: "The determination of whether there has been an intelligent waiver of right to counsel must depend, in each case, upon the particular facts and circumstances surrounding that case, including the background, experience, and conduct of the accused." Appellant alleges only that he was frightened, a mere conclusion. He made no attempt to discharge his burden of alleging facts showing or tending to show that the waiver of counsel was not intelligently made. Appellant does not even protest his innocence, a factor considered by some courts to be necessary to the filing of a motion to withdraw a plea of guilty. See United States v. Norstrand Corporation, 2 Cir., 168 F.2d 481. In his affidavit appellant states he does not recall admitting paternity of the child, nor does he recall waiving counsel. He was "reasonably certain" that he was not even present in court on the day of October 12, 1950 (the date of the court's support order). All of this shows only a faulty memory after eight years which is sharply contradicted by the record. It does not establish cause for withdrawing the plea.

Presumably, the Juvenile Court treated appellant's motion as one made under 32(d). Its order denying the motion made no apparent disposition of that part of the motion which attacked the validity of the contempt proceeding and the judgment rendered thereon. We think this correct. Not being in custody, appellant could not collaterally attack the contempt adjudication in a motion to vacate. The absence of a plea of guilty in the contempt proceeding equally precludes a collateral attack when the motion is treated as one under Rule 32(d).

Affirmed.

6. Rule 20(d) of the Municipal Court Criminal Rules is identical.

7. See Lipscomb v. United States, 8 Cir., 226 F.2d 812, certiorari denied 350 U.S. 971, 76 S.Ct. 445, 100 L.Ed. 843, where the motion was filed three and one-half years after sentence.

8. See note 5.