**DISTRICT OF COLUMBIA, Appellant,**

v.

**Marcellus Augustus TURNER, Jr., Appellee.**

**No. 2403.**

Municipal Court of Appeals for the
District of Columbia.

Submitted June 22, 1959.

Decided Oct. 21, 1959.

Chester H. Gray, Corp. Counsel, Milton D. Korman, Principal Asst. Corp. Counsel, Hubert B. Pair and Ted D. Kuemmerling, Asst. Corp. Counsel, Washington, D. C., for appellant.

No appearance for appellee.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

QUINN, Associate Judge.

An information filed in the Juvenile Court charged appellee with being the father of a child born to the complainant, an unmarried woman. Trial was by the court and at the close of the government's case appellee moved for a "judgment of acquittal." The grounds for this motion were: (1) The complainant's testimony as to sexual relations was not corroborated, and (2) the government called a witness essential to its case who did not appear. The court granted the motion. The state-

ment of proceedings and evidence indicates that the court did so upon the following rulings: (1) The government failed to prove its case beyond a reasonable doubt, and (2) since the corroborating witness was not produced, the inference must be that her testimony would be detrimental to the government's case. Furthermore, the court appears to have held that corroboration of the complainant was necessary. In this appeal the government has assigned these rulings as error.

■ These proceedings are purely statutory.[1] However, we have defined them as quasi-criminal in nature.[2] This characterization may lack preciseness but it does demonstrate the importance of considering only the specific question presented and the rules applicable thereto.

When the issue before the court is the determination of paternity, the object is the protection and welfare of the child. The proceedings are neither criminal nor punitive in nature[3] and there is no *judicial* condemnation of the mother or putative father. Rather, the court's interest is the support and care of the child, and for this reason the action should be considered as basically a civil suit. It follows that the standards applicable to a civil trial usually apply.

However, finding the defendant to be the father of the child can have a consequence definitely of criminal overtone. In default of payment for the child's support, for example, the court may commit the defendant to jail for not more than one year.[4] Because of this, when a question has been presented which is peculiar not to the child but to defendant alone—such as withdraw-

ing a "plea of guilty"—reference has been made and should be made to the criminal law.[5] But this does not alter the basic purpose of the proceeding, which is a civil action for the support of the child. While the court may sympathize with the parents, it is concerned with the infant.

With these brief statements in mind, the facts take on significance. The complainant testified that she first met defendant in January 1957; that during the following month they had sexual relations two or three times a week, and again on April 5, at which time they met at the absent witness's apartment, where they had gone to spend the evening. In the summer of 1957 complainant told defendant that she was pregnant and he admitted his responsibility; in October he said that he would buy the child's food and clothing. The government's next witness testified that she knew the parties and stated, among other things, that defendant had also told her he would care for the child. Complainant's child was born in December 1957.

Concerning the absent witness, the government's attorney advised the court that he had learned, from a telephone conversation during the court recess, that she had entered a local hospital that morning because of illness. The government rested its case and the court granted defendant's motion.

■ These facts, along with others which need not be recited here, establish beyond doubt that the government's evidence made out a prima facie case. The record does not indicate that any of the government's case was denied or disputed

1. Kelly v. District of Columbia, D.C.Mun. App., 1958, 139 A.2d 512, 514; Fuller v. United States, D.C.Mun.App., 1949, 65 A.2d 589, 591.

2. Fuller v. United States, supra, note 1, citing Peak v. Calhoun, 1934, 63 App. D.C. 113, 69 F.2d 989.

3. Davis v. District of Columbia, D.C.Mun. App.1954, 102 A.2d 842, 844; Dicks v.

United States, D.C.Mun.App.1950, 72 A. 2d 34.

4. Code 1951, 11–959 (Supp. VII).

5. See Curtis v. United States, D.C.Mun. App.1959, 150 A.2d 473; Huffman v. District of Columbia, D.C.Mun.App.1957, 133 A.2d 114; Stallans v. District of Columbia, D.C.Mun.App.1957, 130 A.2d 923; Coleman v. District of Columbia, D.C.Mun.App.1951, 83 A.2d 873.

by evidence. If defendant intended to do so, this was sufficient to require him to offer some evidence.

■ Because the determination of paternity and the support of the child are essentially civil proceedings, although denominated quasi-criminal in their overall nature, the court erred in requiring proof beyond a reasonable doubt. Although this appears to be a case of first impression on this point, in this jurisdiction, the substantial weight of authority dictates that paternity may be proved by a preponderance of the evidence.[6] Moreover, in those jurisdictions like the District of Columbia which hold this to be a quasi-criminal proceeding, proof is by a preponderance of the evidence.[7] We believe this to be the better rule for it is more consistent with the

basic purpose of the proceeding. Finally, concerning the matter of corroboration, we have previously stated:

> "* * * It is well settled that where no such requirement is laid down by the governing statute the defendant may be found to be the father on the uncorroborated testimony of the mother, where such testimony is credible, sufficiently clear, and convincing." [8]

Furthermore, the complainant here was not without some corroboration. In conclusion, we should add that the "absent witness rule" does not apply here because the absence of the witness was fully and satisfactorily explained.

Reversed with instructions to grant a new trial.

6. 10 C.J.S. Bastards § 95 (1938); Annotation 1918C, L.R.A. 891.

7. See Sims v. State, 1951, 36 Ala.App. 349, 55 So.2d 863; State v. Luithle, 1928, 57 N.D. 316, 221 N.W. 885; State ex rel. Love v. Jones, 1953, 98 Ohio App.

45, 128 N.E.2d 228, 50 A.L.R.2d 1022. Cf. People v. Finks, 1955, 343 Mich. 304, 72 N.W.2d 250, 51 A.L.R.2d 934.

8. Bragg v. District of Columbia, D.C.Mun. App.1953, 98 A.2d 784, 785.