Allen JACKSON, Appellant,

v.

**DISTRICT OF COLUMBIA, Appellee.**

No. 3379.

District of Columbia Court of Appeals.

Argued March 9, 1964.

Decided April 30, 1964.

James J. Laughlin, Washington, D. C., for appellant.

Richard W. Barton, Asst. Corporation Counsel, with whom Chester H. Gray, Corporation Counsel, Milton D. Korman, Principal Asst. Corporation Counsel, and Hubert B. Pair, Asst. Corporation Counsel, were on the brief, for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

MYERS, Associate Judge.

This is an appeal from a judgment on a jury verdict in the Juvenile Court of the District of Columbia finding appellant to be the father of a child born out of wedlock.[1]

Appellant contends, *inter alia*, (1) that the trial court abused its discretion in de-

nying his motion to dismiss for failure to bring the case to a speedy trial; (2) that there was error in restricting cross-examination of witnesses, including refusal to permit the recall of a witness for additional cross-examination; (3) that the verdict was not supported by substantial evidence; and (4) that the denial of certain post-trial motions was erroneous.

As appellant's counsel stated in oral argument that his principal point on appeal was the failure of the trial court to accord him a speedy hearing, we have considered that point first.

The record discloses that appellant first appeared before the trial court on January 19, 1961, denied paternity, and was granted three weeks in which to retain counsel. The preliminary hearing occurred February 9, 1961. After an extensive examination of the mother of the child by respective counsel, appellant was held for trial. He then demanded a trial by jury and the case was continued subject to call of the assignment clerk. The case was called for trial on June 17, 1963, at which time appellant moved to dismiss "for failure to bring the case to a speedy trial." His motion was denied, and after a two-day trial, during which the mother of the child and three other witnesses, followed by appellant, gave testimony, the jury returned a verdict finding appellant to be the father of the child.

Were the proceedings in juvenile court criminal in nature, appellant's claim of prejudice through failure to secure a speedy hearing might, under certain circumstances, have some substance, but even the right to a speedy criminal trial is necessarily relative and depends upon the interest of justice and the orderly conduct of the court's business.[2]

The present case, however, involved a paternity determination where the

---

1. D.C.Code 1961, §§ 11–951–967, as now set forth in Part II, "Judiciary and Judicial Procedure," §§ 16–2341–2356.

2. King v. United States, 105 U.S.App.D.C. 193, 196, 265 F.2d 567, 570.

procedure was neither criminal nor punitive in character but in fact "a civil action for the support of the child." [3] Although appellant urges that we overrule our previous holdings that proceedings in juvenile court for the determination of paternity and the support of the child are essentially civil, although denominated quasi-criminal in some aspects, we must decline to do so in the light of the history and philosophy behind the creation and operation of that court. Consistent with the basic purpose of the proceeding, proof is still by a preponderance of the evidence—not by evidence beyond a reasonable doubt.[4] We find no cogent reason in the record which requires us to reverse the present judgment merely because of a congested court calendar for which the fault lies with neither the trial court nor with government counsel.

Although appellant was at all times represented by experienced counsel in his defense, no application or motion was presented to the trial court to advance his case for hearing at an earlier date or to request a definite trial date or to otherwise obtain a more prompt hearing of the case during the period from the preliminary hearing to the actual date of trial. It should also be noted that at no time was appellant in custody or deprived of his freedom while awaiting trial. No prejudice appears of record nor has appellant pointed out how he was prejudiced or his legal rights impaired by the delay. The primary reason for the failure to set an earlier date for trial by jury could reasonably be attributed to the well-known and publicized congested calendar of the juvenile court at that period when the efforts of one trial judge then assigned to that bench were not sufficient to keep the jury calendar current.

**3.** District of Columbia v. Turner, D.C. Mun.App., 154 A.2d 925, 926.

**4.** District of Columbia v. Turner, supra, n. 3.

**5.** Bragg v. District of Columbia, D.C.Mun. App., 98 A.2d 784, 785.

▇▇ Appellant's counsel claims he was unduly restricted in his right of cross-examination and supports this contention with citation of two cases: Alford v. United States, 282 U.S. 687, 51 S.Ct. 218, 75 L.Ed. 624, and Lindsey v. United States, 77 U.S. App.D.C. 1, 133 F.2d 368. Both these criminal cases, however, point out that once the right of cross-examination has been freely exercised, permission for further cross-questioning is then discretionary with the trial judge. The record reveals that the matters which appellant desired to further explore had already been extensively covered or were irrelevant to the factual issues in trial. We find no abuse of discretion by the trial judge in his rulings on cross-examination of witnesses.

▇▇ Appellant's contention that the verdict of the jury was unsupported by evidence is without merit. He argues that his testimony on the paternity issue should have been believed by the jury instead of the testimony of the mother who, at the time of trial, had other illegitimate children and had been convicted of selling alcoholic beverages without a license. These are only factors to be considered by the jury in connection with all other evidence in determining the issue of paternity in the light of the credibility of the parties and their witnesses. That the jury chose to believe the mother instead of appellant furnishes no basis for reversal.[5]

After the verdict was rendered, appellant filed a number of separate motions,[6] all of which were denied. We rule that their denial by the trial judge was not error.

▇▇ Although appellant made several other assignments of error, these points

**6.** They were: Motion for Judgment of Acquittal Notwithstanding the Verdict; Motion for New Trial; Motion for Leave to Take Depositions; Motion for Leave to Examine All Social and Welfare Records Relating to the Complaining Witness; and Motion to Withhold Payments Pending Final Determination of Further Proceedings.

were not argued in his brief and we treat them as having been abandoned. Smith v. Pickford, 66 App.D.C. 206, 85 F.2d 705; Watwood v. Credit Bureau, D.C.Mun.App., 97 A.2d 460.

Affirmed.