**DISTRICT OF COLUMBIA, Appellant,**

**v.**

**Richard PRATHER, Appellee.**

**No. 3622.**

District of Columbia Court of Appeals.

Submitted Jan. 18, 1965.

Decided Feb. 19, 1965.

Chester H. Gray, Corp. Counsel, Milton D. Korman, Principal Asst. Corp. Counsel, and Hubert B. Pair and David P. Sutton, Asst. Corp. Counsel, for appellant.

Arthur W. Jackson, Washington, D. C., entered an appearance for appellee but filed no brief.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

QUINN, Associate Judge.

By information filed in the Juvenile Court, appellee was charged with being the father of a child born out of wedlock on July 18, 1961. At the conclusion of the government's case the court, sitting without a jury, granted appellee's motion to dismiss the complaint. This appeal followed.

The evidence, viewed in a light most favorable to the government, showing that in April 1960 the complaining witness signed papers committing her husband to a veterans' hospital in Albany, New York. Because of this confinement, she did not see him for the remainder of the year. Beginning in June 1960 she dated and had frequent sexual relations with appellee. These relations continued during the critical period from September 20, 1960, through November 1, 1960, and were to the exclusion of all other men.

Upon hearing that the complainant was pregnant, appellee offered to pay for an abortion but after the child was born he referred to it as "his son," and on one occa-

sion provided it with food and clothing. However, the child's birth certificate, introduced in evidence, listed the complainant's husband as the child's father. The complainant testified that when she entered the hospital she was asked only if she were married and the name of her husband. No question was raised as to the child's legitimacy and she offered no explanation.

In dismissing the information the court ruled that the government had not overcome the strong presumption of legitimacy involved when the paternity of a child born to a married woman is questioned, giving particular weight to the government's failure to produce documentary evidence of the husband's confinement between September 20, 1960, and November 1, 1960.

In this jurisdiction, a paternity proceeding is considered quasi-criminal in nature,[1] and a motion to dismiss at the close of the government's evidence raises the question whether the evidence established a prima facie case.[2] If the testimony of the complaining witness is credible, sufficiently clear and convincing, it need not be corroborated.[3] Since we must view the evidence in the light most favorable to the government, we find the testimony presented here sufficient to establish a prima facie case.

In Peters v. District of Columbia, D.C. Mun.App., 84 A.2d 115, 118–119 (1951), we ruled that the common law presumption of legitimacy of a child born in wedlock may be overcome by showing

"* * * that the husband was (1) impotent, (2) entirely absent, (3) absent during the period of conception or (4) only present under such circumstances as afford clear proof that there was no sexual intercourse. (Citations omitted.)"

In Peters we found the evidence insufficient to support a judgment against the defendant because it showed merely that the complainant was separated from her husband; that during the separation he visited her apartment once a week to take support for their minor children; and that there was no denial of sexual relations during these visits or a satisfactory attempt to explain them. We also considered a birth certificate which listed the husband as the father and stated it was a proper subject of cross-examination.

In Murphy v. District of Columbia, D.C.Mun.App., 85 A.2d 805, 806 (1952), there was testimony of the husband's absence from the jurisdiction.

"* * * The complainant swore that she lived separate and apart from her husband since 1941, had not lived with him nor had sexual relations with him since 1941, and that between November 21, 1948 and January 2, 1949 (the period of possible conception) 'he was, to the best of her information and belief, in a mental institution at a place outside the District of Columbia.' She also swore that during that period she had intercourse with the defendant and with no other man. Defendant took the stand and admitted having had sexual relations with the complainant during the period of conception but denied paternity. There was other testimony, some of it corroborating the complainant and some casting doubt on her testimony. Viewed as a whole, the evidence was more than sufficient to justify a finding that the defendant was the father of the child."

On the basis of Murphy, we hold that the government established a prima facie case.

Reversed with instructions to grant a new trial.

1. District of Columbia v. Turner, D.C. Mun.App., 154 A.2d 925 (1959).

2. Ibid.

3. Bragg v. District of Columbia, D.C.Mun. App., 98 A.2d 784 (1953).