John Ellison WILLIAMS, Appellant,

v.

DISTRICT OF COLUMBIA, Appellee.

No. 3681.

District of Columbia Court of Appeals.

Submitted April 26, 1965.

Decided July 21, 1965.

James T. Wright, Washington, D. C., for appellant.

Chester H. Gray, Corporation Counsel, Milton D. Korman, Principal Asst. Corporation Counsel, and Hubert B. Pair, Ted D. Kuemmerling, and David P. Sutton, Asst. Corporation Counsel, for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

QUINN, Associate Judge.

The Juvenile Court ordered appellant to contribute seven dollars per week for the support of a minor child born out of wedlock pursuant to a jury verdict which found him to be the father of the child. Appellant contends that the judgment should be reversed on the grounds (1) that the trial court erred in denying his motion to dismiss for want of a speedy trial; (2) that "sentence" was imposed in the absence of counsel; and (3) that the verdict was contrary to the evidence and the law.

Appellant was arraigned in September 1961. A preliminary hearing was subsequently held and upon his demand for a jury trial the case was placed on the calendar for December 18, 1961. On that date, however, the congested condition of the court's docket caused it to be continued subject to the call of the assignment officer. When the case was again called in October 1963 appellant requested and was granted a continuance to obtain new counsel, his former attorney having withdrawn from private practice. Again, on January 27, 1964, the case was delayed due to appellant's illness. It was then set for May 25, 1964, but was not reached at that time because the court was engaged in another jury trial. Appellant subsequently moved to dismiss for want of a speedy trial, but his motion was denied. Trial was set for November 16, 1964. However, upon appellant's request, it was postponed until December 21, 1964, at which time it finally took place.

More than three years elapsed between the time of appellant's arraignment and trial. In the ordinary criminal case such delay might establish grounds for dismissal for want of a speedy trial in violation of the Sixth Amendment to the Constitution. But as we decided in Jackson v. District of Columbia, D.C.App., 200 A.2d 199 (1964), the right to a speedy criminal trial is not a right to which a defendant in a paternity suit might turn, the action being essentially civil in nature, although denominated quasi-criminal in some procedural aspects. The purpose of such an action is to provide support for the child, not to punish the putative father, and were we to release appellant because of unavoidable delays in his trial, we would unjustly penalize the child.

But even if the speedy trial argument were applicable to quasi-criminal actions, this would not be the proper case for it. The delays here were due primarily to the congested condition of the Juvenile Court's calendar, there being only one judge on the bench until late in 1962. Even in purely criminal cases it has been held that the right to a speedy trial must be balanced against the interests of justice and the orderly conduct of the court's business, reasonable delays caused by heavy case loads being excused. King v. United States, 105 U.S.App.D.C. 193, 265 F.2d 567 (1959). Moreover, a substantial portion of the time between arraignment and trial here

was consumed by continuances sought by appellant himself. And we note that at no time during the pendency of the case was appellant deprived of liberty or otherwise punished by the delay. But more significantly, appellant waived his right to a speedy hearing by failing to request at any time that a trial date be set or that his case be disposed of quickly. A prerequisite to dismissal of a case because of unreasonable delay is a demand that the trial be held promptly. Miller v. Overholser, 92 U.S. App.D.C. 110, 206 F.2d 415 (1953).

■ Nevertheless, appellant contends that he was prejudiced by the death of an important witness during the delay, and that justice therefore requires a reversal of the decision of the trial court. However, the witness in question died during a continuance requested by appellant, and he cannot now claim prejudice for a delay which he himself sought. Moreover, it appears that appellant's witness, at best, would have contradicted testimony of the complaining witness, and the jury would have been free to reach the same conclusions even with his testimony in evidence. The trial court thus did not abuse its discretion in refusing to dismiss the case.

■ After judgment was entered by the court, appellant signed a waiver of further hearing before the judge and consented in writing to an order obligating him to pay seven dollars per week for the support of the child. He now claims that his right to counsel was violated as his lawyer was not present when he signed the order. However, as this was the imposition of a mere civil obligation and not a criminal penalty, appellant had no constitutional right to counsel at that time. Moreover, there is nothing in the record showing that the waiver was not knowingly and intelligently signed.

Appellant's remaining assignments of error are without merit.

Affirmed.