**Richard MINOR, Jr., Appellant,**

v.

**DISTRICT OF COLUMBIA, Appellee.**

No. 4493.

District of Columbia Court of Appeals.

Argued March 25, 1968.

Decided May 1, 1968.

Edward Strauss, Washington, for appellant.

Leo N. Gorman, Asst. Corporation Counsel, with whom Charles T. Duncan, Corporation Counsel, Hubert B. Pair, Principal Asst. Corporation Counsel, and Richard W. Barton, Asst. Corporation Counsel, were on the brief, for appellee.

Before HOOD, Chief Judge, MYERS, Associate Judge, and QUINN (Associate Judge, Retired).

QUINN, Judge.

█ This is an appeal from a finding of paternity against appellant in a bastardy proceeding, trial by jury having been waived. A close scrutiny of the record reveals sufficient evidence to support the trial court's judgment. Appellant argues, however, that evidence produced by him at trial proved that he could not be the putative father. Our study of the record shows that the evidence was in direct conflict. This being the case, as we have said on numerous occasions, the question is for the trial court to resolve as trier of fact, and not this court. Jackson v. District of Columbia, D.C.App., 200 A.2d 199 (1964); Harrison v. District of Columbia, D.C.Mun.App., 103 A.2d 204 (1954).

█ Appellant also alleges as error the trial court's denial of his request for a blood test.[1] The record reveals that counsel for the appellant entered an appearance on December 21, 1966. The alleged request was made at trial on the first of August,

---

1. The request for the blood test was made, as follows:
   "Now, in view of all this I further state as a further defense that, *if necessary,* this young man is willing to take a blood test to prove the fact that he is not the father of this child." (Emphasis supplied.)

1967, after all the evidence had been heard and in the summation by counsel for the appellant. During the above-mentioned period of over seven months, no other request was made regarding a blood test. Under D.C.Code 1967, § 16–2347, the granting or denial of a request for a blood test is discretionary with the court. In light of the aforementioned facts, we see no abuse of discretion by the trial court in denying appellant's untimely request for a blood test. Adams v. District of Columbia, D.C.Mun.App., 109 A.2d 140 (1954).[2]

Affirmed.

2. See also Lucas v. Williams, 218 Md. 322, 146 A.2d 764, 767 (1958), a child support case where appellant—ex-husband of the appellee—there contended that he was not the father of the children born during their marriage, and requested at the conclusion of oral testimony that appellee be required to take a blood test. The court denied the request stating:

In the manner of the course and conduct of a trial, especially in the taking of depositions and the requiring of tests after the hearing has commenced, reasonable latitude must be placed in the sound discretion of the trial judge, and, in the absence of an abuse of that discretion, his rulings will not be disturbed. We feel as did the Court in the case of Adams v. District of Columbia, D.C. Mun.App., 109 A.2d 140, where it was held that the denial of a similar request was no abuse of discretion when made upon motion for a new trial.